400 So.2d 713 (1981)
Dessie D. CASSON et al., Plaintiff and Appellee,
v.
DAIRYLAND INSURANCE COMPANY et al., Defendants and Appellants.
No. 8202.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Rehearings Denied July 8, 1981.
*714 Gahagan & Gahagan, R. E. Gahagan, Natchitoches, for plaintiff-appellant.
John G. Williams, Natchitoches, for defendant-appellee.
Brittain & Williams, Joseph Payne Williams, Natchitoches, for defendant-appellant-appellee.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for plaintiffs-appellees.
Thomas & Dunahoe, Edwin Dunahoe, Natchitoches, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and LABORDE, JJ.
CULPEPPER, Judge.
This is one of three cases consolidated for trial and appeal. The other two cases are Jones v. Graham [and Dairyland Insurance Company], La.App., 400 So.2d 717, and Jefferson v. Graham, La.App., 400 So.2d 718. Separate opinions are being rendered this date in the two companion cases.
These are personal injury cases arising out of a two vehicle collision. One vehicle was driven by Charles Jones, hereafter the "Jones vehicle", and occupied by Stafford Jefferson, III as a passenger. The other vehicle was driven by James Graham, hereafter the "Graham vehicle", and occupied by passengers Barbara Casson, Richard Casson, Rose Marie Burton and Robert Hampton, Jr. As a result of the accident, Richard Casson and Rose Marie Burton were killed. Charles Jones, Barbara Casson, Robert Hampton, Jr. and Stafford Jefferson, III received serious injuries.
Each vehicle was insured by Dairyland Insurance Company with liability coverage of $5,000 per person and $10,000 per accident, and with uninsured motorist coverage of $5,000 per person and $10,000 per accident.
In the first suit, Dessie D. Casson, mother of Richard Casson, sues both drivers and Dairyland for damages for her son's wrongful death, and, in the same suit, Barbara Casson and Robert Hampton, Jr. seek damages for their injuries. In the second suit, Charles Jones sued James Graham and Dairyland for damages for personal injuries. In the third suit, Margie Jefferson, individually and as natural tutrix of the minor, Stafford Jefferson, III, sues both drivers and Dairyland.
The trial judge held both drivers negligent, thus rejecting the claim by Charles Jones on the grounds of his contributory negligence.
The district judge found there is a pool of $30,000 liability and uninsured motorist coverages available for injuries and/or death of the one passenger in the Jones vehicle and the three passengers in the Graham vehicle who filed suit. No party sued for the death of Rose Burton. The district court apportioned the available liability and uninsured motorist coverages in proportion to the damages of the respective claimants. Appeals were filed by Charles Jones, James Graham and Dairyland Insurance Company. Answers to the appeals were filed by Dessie D. Casson, Robert Hampton, Jr., Barbara Ann Casson and Margie Jefferson, contending *715 that the pool of liability and uninsured motorist coverages available is $40,000, instead of the $30,000 found by the trial judge, and that the respective plaintiffs are entitled to proportionate increases in the awards.
The issues are: (1) Were Charles Jones and James Graham negligent? (2) Can the guest passengers and/or their survivor recover under both the liability and the uninsured motorist coverages of their respective host driver's policies? (3) How should the liability and uninsured motorist coverages be apportioned amongst the claimants?
In written reasons, the trial judge found the following facts:
"On March 16, 1980, two (2) vehicles collided in the southbound lane of traffic on Louisiana Highway 1, approximately two miles south of the City of Natchitoches.
"The drivers of the vehicles were Charles Jones, driving a vehicle in a southerly direction with Stafford Jefferson as a guest passenger in the Jones vehicle.
"Traveling north in a vehicle being driven by James Graham were: Barbara Casson, Robert Hampton, Jr., Richard Casson, and Rose Mae Burton.
"The time was approximately 9:30 P. M.; it was dark and raining heavily. Rose Mae Burton and Richard Casson were killed in the wreck.
"Both vehicles were insured by Dairyland Insurance Company, with liability limits of $5,000 per person and $10,000 per accident.
"The Louisiana State Trooper who investigated the accident stated that when he arrived at the scene, that debris from the two wreck vehicles was over both lanes of traffic and because of the weather there was no way to determine exactly what had happened although there were two rather short but definite gouge marks in the southbound lane, indicating the point of impact to be at the site of the gouge marks.
"The testimony of the two drivers is in direct contradiction to each other. James Graham testified that the vehicle driven by Charles Jones had no headlights and that Charles Jones' vehicle suddenly appeared in James Graham's lane, and that when James Graham attempted to drive his vehicle to the right, his vehicle lost control on the wet pavement and skidded sideways into the southbound traffic lane.
"It was undisputed that the front of the Charles Jones vehicle struck the left side of the Graham vehicle near the back door, as the Graham vehicle was sliding almost sideways in the Charles Jones lane of traffic.
"Charles Jones testified that James Graham was trying to pass another vehicle and suddenly slid into Charles Jones' lane sideways, where the impact took place.
"Lee Gafford, the owner of the vehicle being driven by Charles Jones, testified that the headlight switch on his car was not operating properly and that `once you got the lights on, they stayed on,' but that a stranger driving the vehicle might have trouble with the headlights because you had to pull the switch.
"Charles Jones testified on cross-examination that as he neared the site of the accident, he suddenly came into a hard rain; he reached to turn the windshield wipers on, but hit the light switch instead, turning the headlights off. His testimony then was to the effect that he turned his lights back on and the wreck happened.
"There was evidence that both Charles Jones and James Graham, as well as most, if not all, of the guest passengers had been drinking alcoholic beverages.
"Both Charles Jones and the guest passenger, Stafford Jefferson, testified that the Jones vehicle remained in its lane of traffic at all times and that the car driven by James Graham was zigzagging across the road as if passing other vehicles in its northbound direction.
"The Louisiana jurisprudence is that when an accident takes place in one driver's lane of traffic, that the presumption is that the car in the improper lane at the time of the wreck is at fault.
"Considering the overall picture in this case and after going over the testimony *716 of the drivers and the witnesses, it is the ruling of this Court that James Graham did not have proper control of his car and was negligent, and that Charles Jones was also negligent in driving a vehicle with defective headlights and also did not have his vehicle under proper control. The extremely heavy downpour of rain at the time of the wreck imposed a high duty of care on these drivers on this rather narrow, two-lane, heavily-traveled, main highway. Both drivers failed to drive their vehicles in a safe and prudent manner."
A review of the record shows the evidence supports the above findings of fact by the trial judge. Certainly, the district court was not clearly wrong in finding both drivers negligent. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
The principal issues on appeal concern the liability and uninsured motorist coverages and the apportionment thereof. The district judge found $10,000 of uninsured motorist coverage on the Graham vehicle available for Dessie Casson, Barbara Casson and Robert Hampton, Jr., and the sum of $10,000 uninsured motorist coverage on the Jones vehicle available for Stafford Jefferson, III, a total of $20,000 in uninsured motorist coverages. The judge apparently found a total of $10,000 of liability coverages on both vehicles available to the respective claimants. The judge apportioned this $30,000 as follows:

"Barbara Ann Casson $ 4,706.05
 Robert Hampton, Jr. 8,235.25
 Dessie D. Casson 9,999.85
 Margie Jefferson, on behalf of
 her minor son, Stafford
 Jefferson, III 7,058.85
 ___________
 TOTAL $ 30,000.00"

In addition, the trial judge found that under the medical pay coverages of $1,000 per person under the policies, Dessie Casson had already received $1,000 for expenses of her deceased son, Richard. The judgment awards $1,000 medical pay to Margie Jefferson, as tutrix of her minor son, Stafford Jefferson, III, $1,000 to Robert Hampton, Jr. and $454 to Barbara Ann Casson.
The plaintiffs-appellants who answered the appeal contend there is a total of $40,000 in liability and uninsured motorist coverages available to them. The defendant Dairyland contends that under Breaux v. Government Employees Life Insurance Company, 369 So.2d 1335 (La.1979), the passengers cannot recover under both the liability coverages and the uninsured motorist coverages on their respective host drivers' vehicles.
We considered this issue in Coco v. Allstate Insurance Company, 391 So.2d 50 (La. App. 3rd Cir. 1980) and more recently in Nall v. State Farm Mutual Automobile Insurance Company (La.App. 3rd Cir. 1981). In Nall we held that under Breaux and Coco a passenger cannot recover under both the liability and the uninsured motorist coverages on his host driver's vehicle. However, we noted, perhaps in dicta, that a guest passenger can recover against his host driver under the liability coverage on the host's vehicle and also against the driver of another vehicle under the uninsured motorist coverage on the host's vehicle. See the opinion in Nall for our full reasons.
Applying these rules to the present case, the Graham vehicle passengers, Barbara Casson, Robert Hampton, Jr. and Dessie Casson, survivor of Richard Casson, and the Jones vehicle passenger, Margie Jefferson, on behalf of her minor son, Stafford Jefferson, III, are entitled to recover under the combined liability coverages on both vehicles, a total of $20,000 in liability coverage to be apportioned amongst the four claimants. As to the uninsured motorist coverages, Stafford Jefferson, III, being the sole passenger in the Jones vehicle, had a maximum of $5,000 uninsured motorist coverage available to him, as a passenger in that vehicle, against the driver of the Graham vehicle. The three passengers in the Graham vehicle had available to them the maximum of $10,000 uninsured motorist coverage on that vehicle in their claims against the driver of the Jones vehicle. Thus, the total liability and uninsured motorist coverages available is $35,000.
*717 Using the same proportionate percentages of damages to coverage as the trial judge, this means that the total of $20,000 in liability coverages on both vehicles is divided as follows:

Barbara Casson -------------------------------- $ 3,137.37
Robert Hampton, Jr ---------------------------- 5,490.17
Dessie D. Casson, mother of
Richard Casson -------------------------------- 6,666.66
Margie Jefferson, mother of the
minor, Stafford Jefferson, III ---------------- 4,705.80
 __________
 TOTAL ------------ $20,000.00

As to the apportionment of the uninsured motorist coverages, the evidence shows that Stafford Jefferson, III is entitled to damages far exceeding the proportionate amount he receives under the liability coverages and the $5,000 limitation on uninsured motorist coverage on the Jones vehicle. Thus, he receives the whole $5,000. The $10,000 limitation of uninsured motorist coverage on the Graham vehicle is apportioned as follows:

Barbara Casson --------------------------- $ 2,051.35
Robert Hampton, Jr. ---------------------- 3,589.73
Dessie D. Casson, mother of
Richard Casson --------------------------- 4,358.92
 __________
 TOTAL ------ $10,000.00

Thus, the liability and uninsured motorist coverages on the two vehicles is divided as follows:

Barbara Casson --------------------------- $ 5,188.72
Robert Hampton, Jr. ---------------------- 9,079.90
Dessie D. Casson, mother of
Richard Casson --------------------------- 11,025.58
Margie Jefferson, mother of
Stafford Jefferson, III ------------------ 9,705.80
 __________
 TOTAL------- $35,000.00

In addition, Barbara Casson is entitled to the sum of $454 under the medical payments provisions of the Graham vehicle. Robert Hampton, Jr. is entitled to the sum of $1,000 under the medical payments provisions of the Graham vehicle and Margie Jefferson, mother of Stafford Jefferson, III, is entitled to $1,000 under the medical payments provisions of the Jones vehicle.
For the reasons assigned, the judgment appealed in the present case is amended to award Barbara Ann Casson a total of $5,642.72, to award Robert Hampton, Jr. a total of $10,079.90 and to award Dessie Casson, mother of Richard D. Casson, a total of $11,025.48. Otherwise than as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED, AS AMENDED.