451 S.E.2d 765

**DAIRYLAND INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Debra BRADLEY, Administratrix of the Estate of Nicole Bradley, Deceased, and Jerry Raymond Warmbein, Defendants/Appellees.**

**No. 22253.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 1994.

Decided Nov. 18, 1994.

Anita R. Casey, Renatha S. Garner, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for appellant.

James B. Stoneking, Scott S. Blass, Bordas, Bordas & Jividen, Wheeling, for appellees.

NEELY, Justice:

This case presents yet another chapter in the ongoing underinsured motorist saga. The underlying case arises from the tragic death of Nicole Bradley, a 17–year–old honor student at Wheeling Park High School. Nicole lived at home with her mother, and on 23 October 1991 she was killed while a guest passenger on a 1987 Honda motorcycle owned and operated by Jerry Warmbein. The accident resulted from the combined negligence of Mr. Warmbein and Donald D. Miller who was operating a 1987 Chevrolet Nova. Mr. Warmbein was going too fast and Mr. Miller failed to yield the right-of-way.

Mr. Miller was insured by Auto Club with liability limits of $100,000 per person.[1] Mr.

---

1. The record and the parties' briefs refer to Mr. Miller's insurance company as "Auto Club."

Warmbein was insured by Dairyland Insurance Company and carried liability limits of $20,000 per person. Mr. Warmbein's policy with Dairyland also included underinsured motorist coverage of $20,000 per person, and this underinsured coverage is at issue here. Nicole's status as a guest passenger meant that she qualified as an insured under the Dairyland policy "with the same rights and obligations" as the policyholder, including underinsured motorist coverage.

Debra Bradley (Administratrix of Nicole's Estate) filed a wrongful death action against both Mr. Miller and Mr. Warmbein in the Circuit Court of Ohio County. Mrs. Bradley made a policy limits demand upon both Auto Club and Dairyland for liability, and also made a demand upon Dairyland for the $20,000 in underinsured motorist coverage. Eventually, Auto Club paid its policy limits and Dairyland consented to the settlement. Dairyland then paid Mr. Warmbein's liability limit of $20,000, but refused to pay the underinsured motorist benefits.

After the pleadings were closed and after discovery was completed, both Mrs. Bradley and Dairyland moved for summary judgment on the underinsured coverage issue. The Circuit Court of Ohio County found in favor of Mrs. Bradley and against Dairyland. We affirm.

Dairyland maintains that the circuit court erred in ruling that a guest passenger is entitled to recover both liability and underinsured motorist coverage under a single motor vehicle insurance policy covering the host vehicle. We disagree. Mr. Warmbein was negligent in the duty he owed to his guest passenger, Nicole, and for that reason Nicole's estate received the entire $20,000 in liability coverage. However, Mr. Miller was *also concurrently* negligent in failing to yield the right-of-way and his concurrent negligence was a proximate cause of Nicole's death. With a policy of only $100,000 in liability coverage, Mr. Miller was obviously an "underinsured motorist" and, therefore, the underinsured motorist coverage on the host vehicle was available to Nicole's estate with regard to *Mr. Miller's* negligence.

This result would change if Dairyland could point to language in the policy that clearly and unambiguously precludes a guest passenger from receiving a double recovery under the facts of this case. However, Dairyland's policy contains no such language. The closest Dairyland comes is the following provision in the uninsured/underinsured endorsement which provides:

> A *motor vehicle* owned by *you* or furnished for *your* regular use isn't an *uninsured* or *underinsured motor vehicle.*

Indeed, Mr. Warmbein could not sue himself and recover either under his own liability coverage as a result of *his own* negligence or under his underinsured motorist coverage as a result of *his own* negligence.

Nicole's estate would also be precluded from recovering underinsured motorist coverage under Mr. Warmbein's policy for his negligence because the vehicle in which she was riding at the time of injury did not constitute an underinsured motor vehicle under the plain language of Mr. Warmbein's policy.

In short, underinsured motorist coverage is intended to compensate parties for injuries caused by other motorists who are underinsured. As long as the insured owns both the underinsured motorist policy in question and the vehicle, then the insured's vehicle will not be considered an underinsured motor vehicle for purposes of the insured's own underinsured motorist coverage. Because an underinsured motorist policy is intended to benefit the person who bought the policy, we conclude that *underinsured motorist coverage is not available to a guest passenger unless the statute or policy language specifically provides for such coverage.* [Cites omitted.] [Emphasis added.]

*Alexander v. State Auto. Mut. Ins. Co.,* 187 W.Va. 72, 79, 415 S.E.2d 618, 625 (1992); *Starr v. State Farm Fire & Cas. Co.,* 188 W.Va. 313, 423 S.E.2d 922 (1992); *Thomas v. Nationwide Mut. Ins. Co.,* 188 W.Va. 640, 645, 425 S.E.2d 595, 600 (1992).

Although Mr. Warmbein's motorcycle didn't qualify as an underinsured vehicle under the language of his policy, Mr. Miller's vehicle certainly did. Thus the major distinction between this case and *Alexander,*

*supra.* Ordinarily this fact would not be enough to extend underinsured motorist coverage to the deceased passenger, Nicole, because she was not the person who negotiated and paid for the policy. *Alexander, supra; Thomas, supra.* However, the policy language clearly and unambiguously extended underinsured motorist coverage to permissive occupants like Nicole, i.e. guests.

Pursuant to the express language of Dairyland's policy, Mrs. Bradley, as administratrix of Nicole's estate, is entitled to receive underinsured motorist benefits. The language from the uninsured/underinsured portions of Dairyland's policy reads, in relevant part:

*Our Promise to You*

We promise to pay the damages you're legally entitled to receive from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury or property damage where such coverage is indicated in the Declarations.

We'll pay these damages for bodily injury you suffer in a car accident while occupying a car or, as a pedestrian, as a result of having been struck by an uninsured motor vehicle or underinsured motor vehicle.

We'll pay these damages for bodily injury you suffer in a car accident while occupying a substitute car when any car described on the declarations page, or any replacement or addition, can't be used because it's being serviced or repaired, or it has been stolen or destroyed. A car owned by you or a resident member of your family doesn't qualify as a substitute car under this insurance.

We'll pay damages under this coverage caused by an accident with an underinsured motor vehicle only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

*Protection for Others*

**Anyone occupying, with your permission, a car we insure has the same rights and obligations you have under this insurance. R. 20.** [Emphasis added.]

Dairyland cites to no other language in the policy which precludes recovery of underinsured motorist benefits by a guest passenger under these circumstances, nor could it cite any case law in this jurisdiction which hints that such a result would be improper.

Consequently, pursuant to the express language of Dairyland's own policy, Mrs. Bradley, as administratrix, is entitled to receive underinsured motorist benefits. The policy language quoted above is clear and unambiguous. Under West Virginia law, "[w]here provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed." Syl. pt. 1, *Rich v. Allstate Ins. Co.*, 191 W.Va. 308, 445 S.E.2d 249 (1994); Syl., *Farmers' & Merchants' Bank v. Balboa Ins. Co.*, 171 W.Va. 390, 299 S.E.2d 1 (1982); quoting syl., *Tynes v. Supreme Life Ins. Co. of America*, 158 W.Va. 188, 209 S.E.2d 567 (1974); Syl. pt. 2, *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985).

Nicole was an "insured" under the terms of Mr. Warmbein's policy with respect to Mr. Miller's negligent conduct.[2] Therefore, Ni-

---

**2.** *W.Va.Code,* 33–6–31(c) (1988) states, in pertinent part:

(c) As used in this section, the term "bodily injury" shall include death resulting therefrom, and the term "named insured" shall mean the person named as such in the declarations of the policy or contract and shall also include such person's spouse if a resident of the same household, and the term "insured" shall mean the named insured, and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person, except a bailee for hire, who uses, with the consent, expressed or implied, of the named

insured, the motor vehicle to which the policy applies or the personal representative of any of the above; and the term "uninsured motor vehicle" shall mean a motor vehicle as to which there is no (i) bodily injury liability insurance and property damage liability insurance both in the amounts specified by section two, article four, chapter seventeen-d, as amended from time to time, or (ii) there is such insurance, but the insurance company writing the same denies coverage thereunder, or (iii) there is no certificate of self-insurance issued in accordance with the provision of section two [§ 17D–6–2], article six, chapter seventeen-d of the code of West Virginia.

cole's estate can sue Mr. Miller as a joint tortfeasor, and at that point can recover the underinsured motorist coverage from Mr. Warmbein's policy as a result of Mr. Miller's underinsured status. West Virginia Code 33–6–31(b) (1992) defines an "underinsured motor vehicle" as:

"[u]nderinsured motor vehicle" means a motor vehicle with respect to the ownership, operation, or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either (i) *less than* limits the insured carried for underinsured motorists' coverage, or (ii) has been reduced by payments to others injured in the accident to limits *less than* limits the insured carried for underinsured motorists' coverage. [Emphasis added.]

Mr. Miller's vehicle was indeed underinsured, and *W.Va.Code*, 33–6–31(b), as amended, contemplates recovery from one's own insurer, of full compensation for damages not compensated by a negligent tortfeasor operating an underinsured vehicle. *State Auto. Mut. Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737 (1990).

Therefore, we hold that when the host driver's policy language specifically provides coverage of a guest passenger as insured, a guest passenger who is injured by the concurrent negligence of her host driver and a *third party* may recover under the host driver's underinsured motorist insurance if the limits of liability of the *third-party* tortfeasor are such as to make him an "underinsured motorist" within the contemplation of the host driver's underinsured motorist policy.

Accordingly, the judgment of the Circuit Court of Ohio County is affirmed.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.