DIONICIA DELGADO AND DIEGO DELGADO, APPELLANTS, v.
AMERICAN FAMILY INSURANCE GROUP, A WISCON-
SIN CORPORATION DBA AMERICAN FAMILY MUTUAL
INSURANCE CO., RESPONDENT.

No. 49008

October 1, 2009                                        217 P.3d 563

*Benson, Bertoldo, Baker & Carter, Chtd.*, and *Steven M. Baker*,
Las Vegas, for Appellants.

*Prince & Keating, LLP*, and *Dennis M. Prince* and *Douglas J.
Duesman*, Las Vegas, for Respondent.

566

Before HARDESTY, C.J., PARRAGUIRRE and DOUGLAS, JJ.

## OPINION

By the Court, HARDESTY, C.J.:

Appellant Dionicia Delgado was injured when the automobile in which she was a passenger collided with another automobile, allegedly as a result of the drivers' concurrent negligence. In this appeal, we consider whether a passenger, such as Dionicia, may recover under the permissive driver's insurance policy both liability benefits based on the policyholder's negligence and underinsured motorist benefits based on the other driver's underinsured status.[1]

Here, a passenger made a claim against both at-fault drivers' insurance policies and recovered the liability limits under those policies. However, alleging that her damages exceeded the limits of both liability policies, the passenger then made a claim against the permissive driver's underinsured motorist policy. The permissive driver's insurance company denied the claim, arguing that, under Nevada law, an insured who is covered under the liability policy cannot also recover under the underinsured motorist provision of that same policy, as such recovery amounts to impermissible "stacking" of the policies.

The district court granted summary judgment in favor of the insurance company, concluding that a passenger involved in a two-car automobile accident who alleged that both drivers were negligent[2] could not recover liability benefits and underinsured motorist benefits under the permissive driver's single insurance policy pursuant to *Peterson v. Colonial Insurance Co.*, 100 Nev. 474, 686 P.2d 239 (1984), and *Baker v. Criterion Insurance*, 107 Nev. 25, 805 P.2d 599 (1991).

We conclude that a passenger who is injured by two concurrently negligent drivers may recover from both the permissive driver's sin-

---

[1]Respondent American Family Insurance Group claims that the Delgados are judicially estopped from raising this argument on appeal. However, the Delgados preserved the argument when they maintained in their opposition to American Family's motion for summary judgment that their first-party underinsured motorist claim was based on the factual assertion that the Dean vehicle was underinsured.

[2]Liability has not been adjudicated in this matter.

gle insurance policy liability benefits based on the permissive driver's negligence and underinsured motorist benefits based on the other driver's underinsured status. In so doing, we clarify that *Peterson* and *Baker* are not determinative on this issue. The antistacking rule set forth in *Peterson* and *Baker* is not implicated when a passenger, whose injuries are attributable to two jointly negligent drivers, exhausts the liability limits of the permissive driver's policy without satisfying his or her damages, and seeks recovery under the permissive driver's underinsured motorist policy based on the other driver's underinsured status. Accordingly, we reverse the district court's grant of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2004, appellant Dionicia Delgado was injured in an automobile accident while riding as a passenger in a car owned and operated by Eunice Marcelino. Marcelino had attempted to turn left across the lanes of northbound traffic on Nellis Boulevard in Las Vegas. A northbound car, owned and operated by Toquanda Dean, struck Marcelino's car, severely injuring Dionicia. Marcelino was insured by American Family Insurance Group for liability up to $50,000 per person and had underinsured motorist coverage up to $25,000 per person. Dean carried an insurance policy with a $15,000 liability limitation.

Marcelino's underinsured motorist policy with American Family promises that American Family will "pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle." Marcelino's underinsured motorist policy defines the "[i]nsured person" as the contracting party, relatives, "[a]nyone else occupying [Marcelino's] . . . insured car," and anyone claiming damages due to bodily injury caused by a person in the car. The parties do not dispute that because Dionicia was occupying Marcelino's car as a guest passenger at the time of the accident, Dionicia was an "[i]nsured person" under Marcelino's underinsured motorist provision.

American Family's policy further defined an "[u]nderinsured motor vehicle" as "a motor vehicle which is insured by a liability bond or policy at the time of the accident and the amount of the bond or policy . . . [i]s less than the limit of underinsured motorists coverage under this policy." Although the policy specifically excludes Marcelino's vehicle from uninsured/underinsured motorist coverage, another driver's vehicle may qualify as underinsured under the policy if the other driver carried less liability coverage than the limit of Marcelino's underinsured motorist coverage.

Dionicia offered to settle her claims with American Family for a total of $75,000—$50,000 for the liability coverage limit plus

$25,000 for the underinsured motorist coverage limit. (Dionicia also offered to settle with Dean's insurance carrier for the extent of Dean's $15,000 liability policy.) American Family denied Dionicia's underinsured motorist claim, reasoning that Marcelino's vehicle could not qualify as an underinsured vehicle according to the policy terms.

Dionicia and her husband, appellant Diego Delgado, filed suit, complaining, in relevant part, that American Family breached its contract by denying Dionicia's demand for payment of Marcelino's underinsured motorist policy limits. The Delgados' complaint specifically alleged that Marcelino's underinsured motorist policy "created a contractual duty and obligation on the part of [American Family] to . . . compensate [Dionicia] for injuries and damages caused by an *underinsured motorist*, in this instance *Defendant [Marcelino]*." (Emphases added.) Thus, the Delgados grounded their breach of contract claim on the factual assertion that Marcelino's vehicle qualified as the underinsured vehicle.

American Family moved for summary judgment on the Delgados' breach of contract claim, arguing that the Delgados could not recover under the factual assertion that Marcelino's car was the underinsured vehicle because the coverage endorsement in Marcelino's policy with American Family excluded Marcelino's car from qualifying as underinsured.[3] In support of its argument, American Family cited to this court's decisions in *Peterson* and *Baker*, in which this court precluded recovery under both liability and underinsured motorist coverage provisions of a single insurance policy.

In their opposition, the Delgados argued that the coverage endorsement did not prohibit recovery in this case because the coverage endorsement only excluded vehicles covered under the insurance policy, and the Delgados alleged that their underinsured motorist claim was based on the Dean vehicle being underinsured. Further, the Delgados distinguished their case from *Peterson* and *Baker* by arguing that, unlike the claimants in *Peterson* and *Baker*, they are not seeking to recover under Marcelino's liability and underinsured motorist policies based on Marcelino's negligence alone. Instead, according to the Delgados, in addition to recovering under the liability policy for Marcelino's vehicle, they were seeking to recover underinsured motorist benefits based on Dean's joint negligence and the Dean vehicle being underinsured. The record does not reflect that American Family filed a reply to the Delgados' opposition.

The district court concluded in its order granting summary judgment that Marcelino's vehicle was not "underinsured" as defined by

---

[3]American Family also sought summary judgment on the Delgados' breach of contract claim regarding third-party liability benefits, which the district court granted. At oral argument, the parties conceded that this issue is now moot.

the policy and that *Peterson* and *Baker* completely barred recovery for both liability and underinsured motorist benefits under a single insurance policy. This appeal followed.

## DISCUSSION

As an initial matter, American Family contends that the Delgados' underinsured motorist claim is barred by the doctrine of judicial estoppel because the Delgados named the wrong motorist in their complaint. We disagree since the Delgados argued the correct underinsured in their opposition to American Family's motion for summary judgment, without objection by American Family.

On appeal, the Delgados argue that the district court erred by granting summary judgment because their case is factually distinguishable from *Peterson* and *Baker*, and the stacking prohibition set forth in those cases is inapplicable to this case. American Family argues, on the other hand, that the Delgados' argument is identical to the arguments presented in *Peterson* and *Baker*, which this court rejected, and that recovery under these circumstances would amount to stacking Marcelino's underinsured motorist policy on top of her liability policy to impermissibly increase her liability limits.[4]

In resolving this appeal, we address an issue of first impression: whether, in light of *Peterson* and *Baker*, a passenger who is injured in a two-car collision where both drivers are concurrently negligent may recover liability benefits under the permissive driver's policy based on the permissive driver's negligence, and also recover underinsured motorist benefits under the same policy for the negligence of the other driver, whose vehicle was underinsured. We determine that, so long as the passenger is injured by joint tortfeasors and is deemed the insured upon the occurrence of an accident, that passenger may recover under the permissive driver's liability policy in addition to recovering under the permissive driver's underinsured motorist policy if the other tortfeasor driver is underinsured.

---

[4]The Delgados also challenge the policy's vehicle exclusion provision, arguing that it is void for violating public policy because it is more restrictive than NRS 687B.145(2). "An insurance company may limit coverage only if the limitation does not contravene public policy." *State Farm Mut. Auto. Ins. v. Hinkel*, 87 Nev. 478, 481, 488 P.2d 1151, 1153 (1971). However, upon review of the record, we determine that the Delgados waived this argument by failing to raise it below. *See Kahn v. Morse & Mowbray*, 121 Nev. 464, 480 n.24, 117 P.3d 227, 238 n.24 (2005). Moreover, even if the issue was properly raised on appeal, the Delgados' argument is without merit because the exclusion is consistent with our holdings in *Peterson* and *Baker*; therefore, no public policy exists to void the exclusion.

*Judicial estoppel*

Prior to reaching the merits of this appeal, we must first address whether the doctrine of judicial estoppel precludes the Delgados from basing their underinsured motorist claim on the Dean vehicle being underinsured, not Marcelino's, as stated in the Delgados' complaint. We conclude that the doctrine of judicial estoppel does not bar the Delgados from raising this claim on appeal. We further conclude that the Delgados did not waive the issue, as they argued this point in their opposition to American Family's motion for summary judgment without contest.

American Family argues that the doctrine of judicial estoppel precludes the Delgados from raising the argument that their breach of contract claim was based on the Dean vehicle being underinsured, and not Marcelino's, as specified in the Delgados' complaint. We disagree.

The doctrine of judicial estoppel is an " 'extraordinary remedy' " that is invoked to protect the integrity of the justice system when a party argues two conflicting positions to abuse the legal system. *Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004) (quoting *Kitty-Anne Music Co. v. Swan*, 4 Cal. Rptr. 3d 796, 800 (Ct. App. 2003)). This court has emphasized that the doctrine "should be cautiously applied only when 'a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage.' " *Id.* (alterations in original) (quoting *Swan*, 4 Cal. Rptr. 3d at 800). Thus, judicial estoppel will bar a party from raising an argument only when the following conjunctive test is satisfied:

> "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."

*Marcuse v. Del Webb Communities*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007) (quoting *NOLM, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004)). For the reasons set forth below, we determine that the test is not satisfied in this case.

Here, the Delgados do not assert inconsistent arguments to obtain an unfair result. At all times, the Delgados have argued that, based on the concurrent negligence of both drivers involved in the accident, both of whose liability limits were less than Dionicia's dam-

ages, Dionicia was entitled to recover both liability and underinsured motorist benefits under Marcelino's policy with American Family.

Moreover, while this court will not consider an argument raised for the first time on appeal, *Kahn v. Morse & Mowbray*, 121 Nev. 464, 480 n.24, 117 P.3d 227, 238 n.24 (2005), we determine that the Delgados effectively raised their argument—that their underinsured motorist claim is based on the Dean vehicle being underinsured—in their opposition to American Family's motion for summary judgment. American Family failed to reply to the Delgados' opposition or argue that the Delgados' complaint was insufficient to support their first-party insurance claim. The Delgados allege in their complaint that Marcelino's underinsured motorist policy "created a contractual duty and obligation on the part of [American Family] to . . . compensate [Dionicia] for injuries and damages caused by an underinsured motorist, in this instance Defendant [Marcelino]." However, later in their complaint the Delgados alleged that American Family denied their underinsured motorist claim because American Family's representative "either misunderstood or misstated [Dionicia's] UIM claim for benefits, given the fact that Defendant [*Dean*] was underinsured." (Emphasis added.) We conclude that neither judicial estoppel nor waiver doctrines bar the Delgados from asserting on appeal that their underinsured motorist claim was grounded in the factual assertion that the Dean vehicle was underinsured.[5]

*Standard of review*

"This court reviews a district court's [decision granting] summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if, after viewing the record before the district court in the light most favorable to the nonmoving party, "no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* at 731, 121 P.3d at 1031. Whether an issue of fact is material or irrelevant is controlled by the substantive law at issue in the case. *Id.* A factual dispute is genuine if "the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.*

---

[5]Based on this conclusion, we determine that American Family's argument that the coverage endorsement in Marcelino's insurance policy bars the Delgados from recovering underinsured motorist benefits because Marcelino's vehicle is not an underinsured vehicle is without merit. Since we conclude that the Delgados effectively argued that their underinsured motorist claim was based on the Dean vehicle being underinsured, the fact that the policy excludes Marcelino's vehicle from being considered underinsured is not pertinent to our analysis. Moreover, nothing in Marcelino's insurance policy precludes a passenger from receiving underinsured motorist benefits under the facts presented in this case, as further discussed in this opinion.

*Peterson v. Colonial Insurance Co. and Baker v. Criterion Insurance are not controlling in this case*

Next, we consider the Delgados' contention that, notwithstanding *Peterson v. Colonial Insurance Co.*, 100 Nev. 474, 686 P.2d 239 (1984), and *Baker v. Criterion Insurance*, 107 Nev. 25, 805 P.2d 599 (1991), a passenger who is injured by the concurrent negligence of two drivers may recover liability benefits under the permissive driver's liability policy based on the permissive driver's negligence in addition to recovering underinsured motorist benefits under the same insurance policy for the negligence of the other driver, whose vehicle was underinsured. As discussed below, we conclude that neither *Peterson* nor *Baker* preclude the Delgados from recovering under the facts presented in this case. Moreover, we conclude that such a result coheres with the purpose of uninsured/underinsured motorist coverage and is consonant with the reasoning applied in other jurisdictions addressing this issue.

### Peterson

In *Peterson*, this court addressed whether a passenger "is entitled to recover benefits under both the 'bodily injury' and the uninsured/underinsured motorist coverages afforded by a single insurance policy." 100 Nev. at 475, 686 P.2d at 239. That case stemmed from an accident where the motorcycle on which Peterson was riding as a passenger collided with another vehicle. *Id.* Solely claiming negligence on the part of the motorcycle's operator, Peterson recovered under the motorcycle owner's liability policy. *Id.* After Peterson exhausted the limits of the owner's policy, she made an uninsured/underinsured motorist claim under that same policy of insurance, again based on the permissive driver's negligence. *Id.* Because Peterson sought recovery based only on the permissive driver's negligence, but under both coverages in the single insurance policy, this court concluded that Peterson was essentially attempting to increase the liability coverage under the owner's policy. *Id.* at 476, 686 P.2d at 240. The *Peterson* court therefore held that the stacking of a liability policy on top of an uninsured/underinsured motorist policy was impermissible. *Id.*

### Baker

Later, in *Baker*, this court again considered whether a passenger could recover benefits under both the liability and uninsured/underinsured motorist provisions of a single policy of insurance. 107 Nev. at 26, 805 P.2d at 599-600. In that case, the passenger sought to recover liability and uninsured/underinsured motorist benefits under her own policy of insurance, and not the permissive driver's. *Id.* at 26, 805 P.2d at 600. Based on this difference, Baker argued that her case was distinguishable from *Peter-*

*son*. *Id*. Determining that this difference was inconsequential, we reaffirmed *Peterson*, concluding that once a passenger has recovered under the vehicle owner's liability policy—whether that policy is the permissive driver's policy or the passenger's own policy—the passenger may not also recover under the owner's uninsured/underinsured motorist policy, although the guest passenger may "stack their own UM/UIM coverage with the benefits they receive from the owner's policy." *Id*.

*The district court erred when it relied upon Peterson and Baker in granting American Family's motion for summary judgment*

Because the district court in this case relied on *Peterson* and *Baker* in granting summary judgment, the Delgados assert error, arguing that their case is factually distinguishable from *Peterson* and *Baker*. Specifically, the Delgados maintain that unlike the *Peterson* and *Baker* cases, which involved single automobiles and the vehicles' respective insurance policies, their case involves the concurrent negligence of two drivers, with separate insurance policies, both of which were insufficient according to Dionicia. In response, American Family asserts that the Delgados' argument is meritless because it is identical to the insured's argument rejected by this court in *Peterson* and reaffirmed in *Baker*. As a result, American Family argues, because the Delgados are seeking to stack the underinsured motorist benefits on top of the liability benefits to increase the total available liability coverage for the loss caused by Marcelino, their recovery should be barred. We disagree.

In both *Peterson* and *Baker*, we based our decisions, in part, on the following pertinent language in NRS 687B.145(2): "Uninsured and underinsured vehicle coverage must include a provision which enables the insured to recover up to the limits of his own coverage any amount of damages for bodily injury from his insurer which he is legally entitled to recover from the owner or operator of the other vehicle." *Peterson*, 100 Nev. at 475, 686 P.2d at 240; *Baker*, 107 Nev. at 27, 805 P.2d at 600. This court interpreted that language to require "the tortious involvement of a party and vehicle other than the insured and the insured's vehicle." *Peterson*, 100 Nev. at 476, 686 P.2d at 240; *see also Baker*, 107 Nev. at 27, 805 P.2d at 600. We reasoned that allowing a passenger to recover under the permissive driver's liability and uninsured/underinsured motorist policies based solely on the permissive driver's negligence would impermissibly increase the liability limit for the owner/insured. *Peterson*, 100 Nev. at 476, 686 P.2d at 240; *Baker*, 107 Nev. at 27, 805 P.2d at 600.

While we determined in *Peterson* and *Baker* that a passenger may not recover under both coverages of a permissive driver's single insurance policy based on the permissive driver's negligence, we did not consider whether a guest passenger, whose injuries are at-

tributed to jointly negligent drivers, may recover liability benefits under the permissive driver's policy based on the permissive driver's negligence, in addition to recovering underinsured motorist benefits under the same policy for damages caused by the other driver, who is underinsured. Although American Family argues that *Peterson* and *Baker* are authoritative on this matter, we disagree.[6]

Neither *Peterson* nor *Baker* precludes recovery of underinsured benefits under the facts presented in this case. The passenger-claimants in *Peterson* and *Baker* did not properly allege that the vehicle involved in the accident was uninsured or underinsured. Rather, both passengers alleged that although both vehicles were insured vehicles under their respective policies, the vehicle in which they were riding was the uninsured or underinsured vehicle, not the other vehicle involved in the accident. Moreover, both claims were based on the negligence of the permissive driver, not a third-party tort-feasor. *Peterson*, 100 Nev. at 475, 686 P.2d at 239; *Baker*, 107 Nev. at 27, 805 P.2d at 600. Recovery under those circumstances would have amounted to impermissible stacking of the uninsured/underinsured motorist coverage on top of the liability coverage. Contrary to the facts presented in *Peterson* and *Baker*, in this case, Dionicia made her underinsured motorist claim based on Dean's concurrent negligence and the Dean vehicle being underinsured. The Delgados are not asserting that Marcelino's vehicle qualifies as an underinsured vehicle. This difference is substantial because the stacking prohibition set forth in *Peterson* and *Baker* is not implicated in this situation.

*Allowing recovery of underinsured benefits under the facts presented in this case coheres with the purpose of uninsured/underinsured motorist coverage*

This court has stated that the purpose of uninsured/underinsured motorist coverage is to compensate the insured for damages "based

---

[6]American Family argues that its reading of *Peterson* and *Baker* is consistent with the Illinois case *Mercury Indemnity Co. of Illinois v. Kim*, 830 N.E.2d 603, 619 (Ill. App. Ct. 2005). We disagree. In *Mercury*, like *Peterson* and *Baker*, the passengers recovered under the permissive driver's liability provision and then sought additional recovery under the permissive driver's underinsured motorist provision under the same policy, basing both claims on the sole negligence of the permissive driver. *Mercury*, 830 N.E.2d at 604-05. And similar to our reasoning in *Peterson* and *Baker*, the *Mercury* court rejected such recovery because the passengers were attempting to stack the liability and underinsured motorist provisions under a single policy of insurance based on one driver's negligence—not the concurrent negligence and underinsured status of a third-party tortfeasor and his or her vehicle. *Id.* at 611-12, 615.

upon the tort liability of the uninsured, underinsured, or hit-and-run driver." *St. Paul Fire v. Employers Ins. Co. of Nev.*, 122 Nev. 991, 993, 146 P.3d 258, 260 (2006). Allowing a passenger to recover both liability and underinsured motorist benefits under a single policy of insurance in this situation is consistent with the purpose of uninsured/underinsured motorist coverage, as the passenger is being compensated for damages caused by the joint negligence of an uninsured/underinsured driver.

Various insurance treatises, while they are persuasive authority only, provide comprehensive explanations on uninsured/underinsured motorist benefits. For example, "[a]s a general rule, a passenger who has made a liability recovery under [the permissive driver's] policy may also make an underinsured motorist recovery under the same policy where a second negligent vehicle involved in the accident was underinsured." 3 Irvin E. Schermer & William J. Schermer, *Automobile Liability Insurance* § 39:12 (4th ed. 2004). Despite the language in the permissive driver's liability policy excluding the vehicle the permissive user is driving from being deemed underinsured, "it is the jointly liable tortfeasor's lack of adequate liability coverage which is the pivotal factor" in allowing recovery for underinsured motorist benefits. *Id.*

Likewise, passenger-claimants are "entitled to recover both under a bodily injury liability coverage and an uninsured motorist coverage included in the same insurance policy . . . when . . . [the] passenger [is] in an insured automobile and is injured in an accident with an uninsured motorist that is caused by the negligence of both drivers." 1 Alan I. Widiss & Jeffrey E. Thomas, *Uninsured and Underinsured Motorist Insurance* § 14.6 (3d ed. 2005). Because the insurance company is liable to the passenger under the liability provision of the policy for the insured driver's negligence, the passenger may recover liability benefits. *Id.* And because the other motorist was jointly negligent and underinsured, and the passenger is generally defined as an "insured" under the uninsured/underinsured motorist policy, the policy extends coverage to occupants of the insured vehicle. *See id.* Therefore, the insured passenger may recover uninsured/underinsured motorist benefits. *Id.*

Moreover, other courts addressing this issue have determined that a guest passenger may recover for another driver's negligence under his or the permissive driver's uninsured or underinsured motorist policy and recover for the permissive driver's negligence as a third-party claimant. *See, e.g.*, *Dairyland Ins. Co. v. Bradley*, 451 S.E.2d 765 (W. Va. 1994).

In *Dairyland Insurance Co. v. Bradley*, the mother of a passenger who perished when the motorcycle on which she was riding collided with another vehicle sought recovery for her daughter's death under both the liability and underinsured motorist provisions of the mo-

torcycle driver's policy. *Id.* at 765. The accident resulted from the concurrent negligence of both the motorcycle driver and the other driver. *Id.* After exhausting the liability limits of the motorcycle driver's and the other driver's policies, the estate of the deceased passenger sought to recover underinsured motorist benefits under the motorcycle driver's policy. *Id.* at 766. Thus, similar to the facts presented in this case, the passenger was attempting to recover underinsured motorist benefits based on the other driver's negligence and underinsured status. *See id.*

In rejecting the insurance company's argument that a guest passenger could not recover both liability and underinsured motorist benefits under a single policy of insurance, the *Dairyland* court held that

> when the [permissive] driver's policy language specifically provides coverage of a guest passenger as insured, a guest passenger who is injured by the concurrent negligence of the [permissive] driver and a *third party* may recover under the [permissive] driver's underinsured motorist insurance if the limits of liability of the *third-party* tortfeasor are such as to make him an "underinsured motorist" within the contemplation of the [permissive] driver's underinsured motorist policy.

*Id.* at 768. The court reasoned that while such passengers are precluded from recovering underinsured benefits based on the permissive driver's negligence—*i.e.*, when the permissive driver's policy excludes the permissive driver's vehicle from being deemed underinsured—a passenger could recover underinsured motorist benefits for injuries caused by a jointly negligent and underinsured motorist involved in the accident when the permissive driver's policy language extended coverage to that passenger. *Id.* at 767-68. Pursuant to the express language of the motorcycle driver's insurance policy, the guest passenger was deemed an "insured." *Id.* As a result, the *Dairyland* court permitted the "insured" passenger's estate to recover both liability and underinsured motorist benefits, stating that "the limits of liability of the *third-party* tortfeasor are such as to make him an 'underinsured motorist' within the contemplation of the motorcycle driver's underinsured motorist policy," after determining that the guest passenger was injured by the concurrent negligence of the motorcycle driver and the other driver. *Id.* at 768.

Other courts have similarly reasoned that the prohibition against stacking policies is not implicated when a passenger seeks to recover liability and uninsured/underinsured motorist benefits when his or her injuries are attributable to joint tortfeasors and the other driver is uninsured or underinsured. *See, e.g., Woodard v. Pa. Nat. Mut. Ins. Co.*, 534 So. 2d 716, 721 (Fla. Dist. Ct. App. 1988) (explain-

ing that because the passenger was attempting to collect uninsured motorist benefits based on the other driver's concurrent negligence and uninsured status, the passenger was not attempting to impermissibly "stack" the uninsured motorist and liability coverages); *Lahr v. American Family Mut. Ins. Co.*, 528 N.W.2d 257, 260 (Minn. Ct. App. 1995) (stating that when "a vehicle other than the one in which the passenger is riding is potentially at fault, the prohibition against converting the passenger's driver's [underinsured motorist] coverage into liability coverage is not applicable" since it is the "other vehicle's lack of sufficient liability coverage [that] triggers the passenger's claim for [underinsured motorist] benefits from her driver's insurer"); *cf. Casson v. Dairyland Ins. Co.*, 400 So. 2d 713, 716 (La. Ct. App. 1981) (noting that "a guest passenger can recover against [the permissive] driver under the liability coverage on the [permissive driver's] vehicle and also against the driver of another vehicle under the uninsured motorist coverage on the [permissive driver's] vehicle").

Applying this rationale to the facts of this case, we conclude that if Marcelino and Dean are adjudged jointly negligent, the Delgados can recover under Marcelino's underinsured motorist policy for Dean's negligence and the Dean vehicle's underinsured status. Under Marcelino's policy, Dionicia was a lawful occupant of Marcelino's vehicle; therefore, the policy extended underinsured motorist coverage to Dionicia at the time of the accident. Although Marcelino's vehicle could not qualify as an underinsured vehicle under the terms of the policy, the Dean vehicle could. If the Delgados can prove that Dionicia is legally entitled to recover damages from Dean, they may recover the amount of excess damages under Marcelino's underinsured motorist policy with American Family. Therefore, we conclude that American Family was not entitled to judgment as a matter of law and reverse the district court's grant of summary judgment.

## CONCLUSION

We conclude that judicial estoppel does not preclude the Delgados from raising the argument that their first-party underinsured motorist claim was based on the concurrent negligence of both drivers involved in the accident (both of whom had insufficient liability policies to suffice Dionicia's damages). Accordingly, we determine that Dionicia was entitled to recover under both the liability and underinsured motorist provisions of Marcelino's policy with American Family.

In addition, because we conclude that this case is factually distinguishable from *Peterson* and *Baker*, we hold that the stacking pro-

hibition set forth in those cases is inapplicable to the facts presented here. Therefore, we reverse the district court's order and remand this matter to the district court for further proceedings consistent with this opinion.

PARRAGUIRRE and DOUGLAS, JJ., concur.