An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GRAND CANAL SHOPS II, LLC, A
NEVADA LIMITED-LIABILITY
COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
COLE WILSON; AND LCW
CONTRACTORS, INC.,
Real Parties in Interest.

No. 67273

**FILED**

JUL 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order granting a motion for partial summary judgment in an action to enforce a mechanic's lien.

The district court concluded that Grand Canal was judicially estopped from contesting its liability to Cole Wilson for a mechanic's lien that Cole Wilson was seeking to enforce. The district court based its decision on Grand Canal's conduct in two separate lawsuits in which Grand Canal obtained judgments that included amounts reflecting Cole Wilson's asserted lien. Despite the conclusion that Grand Canal should be judicially estopped, the district court also found that Grand Canal had not "engaged in intentional wrongdoing or attempted to obtain an unfair advantage."

Having considered the parties' arguments and the documents submitted to this court, we conclude that our extraordinary intervention is

SUPREME COURT
OF
NEVADA

(O) 1947A

15-20040

warranted. NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). As this court has consistently held, judicial estoppel should be applied "only when a party's inconsistent position arises from intentional wrongdoing or an attempt to obtain an unfair advantage." *Delgado v. Am. Fam. Ins. Grp.*, 125 Nev. 564, 570, 217 P.3d 563, 567 (2009) (quotations and alteration omitted); *see Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287-88, 163 P.3d 462, 469 (2007) (same); *Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004) (same). The district court's application of judicial estoppel, combined with its express finding that Grand Canal had not engaged in intentional wrongdoing or attempted to obtain an unfair advantage, is thus contrary to this well-established rule of law. The district court therefore manifestly abused its discretion in concluding that Grand Canal was judicially estopped from contesting its liability to Cole Wilson. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) ("A manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." (quotations and alteration omitted)). Accordingly, our intervention is warranted, and we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its November 21, 2014, order regarding Cole Wilson's Motion for Summary Judgment as to Liability.

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

DOUGLAS, J., dissenting:

I am not persuaded that our extraordinary intervention is warranted because petitioner has an adequate remedy to challenge the perceived discrepancies in the district court's judicial estoppel analysis, as petitioner may raise those challenges in an appeal from a final judgment. NRS 34.170; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) ("[T]he right to appeal is generally an adequate legal remedy that precludes writ relief."). I therefore dissent.

_____, J.
Douglas

cc:    Hon. Susan Scann, District Judge
Ballard Spahr, LLP
Peel Brimley LLP/Henderson
Eighth District Court Clerk