NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATT P. JACOBSEN, | No. 13-15498 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00486-MMD-WGC |
| v. | |
| HSBC BANK USA, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Matt P. Jacobsen appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Jacobsen's Fair Debt Collection Practices Act ("FDCPA") claim because Jacobsen failed to allege facts sufficient to show that defendants were debt collectors. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of debt collector a creditor collecting debts on its own behalf); *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA.").

The district court properly dismissed Jacobsen's Real Estate Settlement Procedures Act claim because "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012); *see also* 12 U.S.C. § 2605(e) (loan servicers only need respond to requests for information related to the servicing of loans).

The district court properly dismissed Jacobsen's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Jacobsen failed to allege facts sufficient to show a predicate act. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (elements of a civil RICO claim).

The district court properly dismissed Jacobsen's quiet title claim because

2                                                                          13-15498

Jacobsen failed to allege facts sufficient to show that he paid the debt owed on the property. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."), *abrogated on other grounds by Delgado v. Am. Family Ins. Grp.*, 217 P.3d 563 (Nev. 2009).

The district court did not abuse its discretion by taking judicial notice of the title documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard review and explaining the circumstances in which the district court may take judicial notice of documents extraneous to the pleadings in ruling on a motion to dismiss for failure to state a claim).

The district court did not abuse its discretion by dismissing Jacobsen's complaint without leave to amend because amendment would have been futile. *See United Bhd. of Carpenters & Joiners of Am.*, 770 F.3d at 845 (setting forth standard of review and explaining that dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

**AFFIRMED.**