NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFRED CLARK, | No. 19-17400 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02241-APG-BNW |
| v. | |
| NEW CENTURY MORTGAGE COMPANY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Alfred Clark appeals pro se from the district court's judgment dismissing his

action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and

state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

297 F.3d 953, 956 (9th Cir. 2002). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Clark's FDCPA claim based on res judicata because Clark's claim arises out of the same nucleus of operative fact as his FDCPA claims in his prior federal action against appellees that resulted in a final judgment on the merits. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (setting forth elements of res judicata, and explaining this court's transaction test used to determine whether two suits share a common nucleus of operative fact).

Although Clark's state law claims may not have been barred by res judicata, dismissal of those claims was proper because Clark failed to allege facts sufficient to state any plausible claims. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."), *abrogated on other grounds by Delgado v. Am. Family Ins. Grp.*, 217 P.3d 563 (2009); *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (1992) (setting forth elements of fraudulent misrepresentation claim under Nevada law).

19-17400

We do not consider allegations not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**