[Civ. No. 18926. Fourth Dist., Div. One. Feb. 1, 1980.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. TEACHERS INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nickoloff & Distel and Thomas O. Nickoloff for Defendant and Appellant.

McInnis, Fitzgerald, Rees & Sharkey and Carol A. Ronquillo for Plaintiff and Respondent.

**OPINION**

**WORK, J.\***—Teachers Insurance Company, an automobile liability insurer, appeals from a judgment declaring its policy provides primary coverage against claims for personal injuries sustained by the son of the named insureds while riding as a passenger in the insured vehicle being driven by a permissive user. The judgment also ordered indemnification to respondent Farmers Insurance Exchange, whose contract of insurance on the permissive user was deemed secondary. We agree with the trial court's[1] holding that exclusions of family members and relatives written into Teachers' contract of insurance are void as against public policy and affirm the judgment.

The facts are these:

Randy J. Frye (Randy) received injuries proximately caused by the negligent operation of a vehicle owned jointly by him and his mother (Marlys) while he was riding as a passenger. The negligent operator

---

*Assigned by the Chairperson of the Judicial Council.
[1]The Honorable Louis M. Welsh.

(Nixon) was driving with permission of Randy and Marlys at the time of the accident.

Teachers Insurance Company covered the involved vehicle under its policy of liability insurance designating Marlys and Robert Frye, Randy's parents, as the "named insureds." Randy was mentioned as the principal driver for the auto in documents Marlys provided to Teachers.

Teachers' policy covered bodily injury claims brought against a permissive user, such as Nixon, except for those suffered by certain excluded persons, namely, "(1) the *named* insured or spouse, (2) any relative of the *named* insured, or (3) the spouse, or any parent, son or daughter of the insured." (Italics added.)

Nixon was also covered under a policy of insurance issued by Farmers Insurance Exchange, for liability arising from his operation of any vehicle. This policy is concededly subordinate to any collectible insurance coverage in which the involved vehicle is specifically described. It is undisputed that Teachers' policy is primary if it provides coverage.

Randy sued Nixon for his injuries. Farmers asked Teachers to defend. Teachers refused alleging Randy's claim fell within the exclusionary clauses. Farmers settled with Randy and brought the present action.

Teachers attacks the judgment on three grounds, only one of which requires extended treatment.

█ First, Teachers erroneously claims Randy is an "additional" *named* insured to its policy, thereby excluding him from coverage.

Exclusion of bodily injury claims of an insured (including a *named* insured) is expressly permitted if a policy of automobile liability insurance *explicitly* so provides. (Ins. Code, § 11580.1, subd. (c)(5); *Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625 [55 Cal.Rptr. 861].)

Teachers' policy expressly differentiates between *named insureds* and other insureds. A *named insured* is defined as "the individual named in item 1 of the declarations and also includes his spouse, if a resident of the same household." This definition is clearly restricted to those persons whose names are in item 1 of the declarations. In the present case,

these are Marlys M. and/or Robert W. Frye. Randy is not so designated. His name appears only on ancillary documents as a driver of the involved car.

■ Next, Teachers incorrectly contends Nixon cannot be an insured under its policy unless Randy is a *named* insured.

Teachers' contract defines an insured, in part, as (1) the *named* insured, (2) any other person using such automobile with the permission of the *named* insured, provided his actual operation is within the scope of such permission.

The parties to this lawsuit executed factual stipulations before trial, which were presented to the court. These were never modified and conclusively establish Farmers' position. The key stipulations read:

"6. Prior to January 17, 1976, TEACHERS INSURANCE COMPANY issued a policy of automobile liability insurance, policy number 125367, to Robert and Marlys Frye as the named insureds.

"7. The described vehicle in TEACHERS policy number 125367 was a 1961 Chevrolet.

"8. The 1961 Chevrolet was jointly owned by R. J. [Randy] Frye and Marlys Frye.

".      .      .      .      .      .      .      .      .      .      .      .      .      .      .

"10. On January 17, 1976, Jeffrey Lee Nixon was operating the 1961 Chevrolet automobile with the permission of the owners."

It follows Nixon was driving with the permission of Marlys, a named insured. He is, therefore, an insured permissive user since there is no contention his operation was outside the scope of this permission.

■ Finally, Teachers claims Randy, if not a *named* insured, is expressly excluded from recovering for his injuries under its policy since he is undeniably a relative (as well as the son) of a *named* insured.

■ Farmers urges the purported exclusions are ambiguous and, therefore, invalid since they are not "conspicuous, plain and clear." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober* (1973) 10 Cal.3d 193, 207 [110 Cal.Rptr. 1, 514 P.2d 953].)

*State Farm, supra,* involved related issues but construed a significantly different exclusion. There the exclusion was to "injuries to the insured." The court stressed there were in fact different classes of persons who were "insureds" and that it was not unreasonable to interpret the exclusion so as only to deny coverage for injuries to the insured *against whom damages were claimed,* i.e., the negligent permissive operator. Adopting that interpretation, a passenger as to whom no liability is claimed would be permitted to recover for his or her injuries even though a "named" insured.

That argument is misapplied here.

As Judge Welsh succinctly and correctly points out in his excellent memorandum of intended decision, there is no ambiguity as to whom Teachers' exclusions were meant to apply. A relative of a *named* insured can mean only a person related to someone named in item 1 of the declarations to the policy. Since the person here sought to be excluded (Randy) is in the direct line of consanguinity, we do not face the issue of what lesser degrees were meant to be included within the class designated "relatives."

■ *Public policy does not permit an automobile liability insurance carrier to exclude coverage for bodily injuries sustained by a person solely because claimant is a relative of an insured.*

Following a lengthy history of case law based on a public policy intent on maximizing the scope of coverage required of automobile liability insurers and strained interpretations of insurance contracts designed to limit exclusions, the Legislature squarely addressed the issue for policies (such as Teachers') issued or renewed on or after January 1, 1971. (Stats. 1970, ch. 300, § 8, p. 577.) "The Legislature declares that the public policy of this state in regard to provisions authorized or required to be included in policies affording automobile liability insurance or motor vehicle liability insurance issued or delivered in this state shall be as stated in this article, and that *this article expresses the total public policy of this state respecting the content of such policies.*" (Ins. Code, § 11580.05; italics added.)

The same enactment included Insurance Code section 11580.1 which states, in relevant part: "(a) No policy of automobile liability insurance . . . covering liability arising out of the. . . use of any motor vehicle shall be issued. . . unless it contains the provisions set forth in subdivision (b). . .

"(b) .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4)   Provisions affording insurance to the *named* insured with respect to any motor vehicle covered by such policy, and to the same extent that insurance is afforded to the *named* insured, *to any other person using, or legally responsible for the use of, such motor vehicle . . . .*

"(c)   In addition to any exclusion as provided in paragraph (3) of subdivision (b) [not relevant here], the insurance . . . may, by appropriate policy provision, be made inapplicable to any or all of the following:

" .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(5)   *Liability for bodily injury to an insured.*

" .   .   .   .   .   .   .   .   .   .   .   ."
(Italics added.)

Although Teachers was expressly permitted to exclude bodily injury claims from any person insured under its policy, it did not do so.

The statute expressly requires the insurance carrier for an involved vehicle (here, Teachers) to provide insurance coverage for a permissive user (here, Nixon) against a claim for bodily injuries sustained as a result of his operation of the vehicle, unless the person bringing the claim falls within one of the categories *for which an exclusion is permitted by statute.* There is no exclusion set forth as to any person solely because he or she is a relative of another insured.

As the trial court noted, "Because the exclusion of family members and relatives is inconsistent with the public policy of California, the Teachers policy affords primary coverage, the Farmers policy excess coverage in this case."

Judgment affirmed.

Cologne, Acting P. J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1980.