299 S.E.2d 1

**FARMERS' AND MERCHANTS' BANK,
a Corp. and Jeffrey D. Dawson and
Mary W. Dawson**

v.

**BALBOA INSURANCE COMPANY.**

No. 15514.

Supreme Court of Appeals of
West Virginia.

Dec. 7, 1982.

Reeder & Shuman and Stephen K. Shuman, Tomasky & Friend and L. Edward Friend, II, Morgantown, for appellants.

Baker & Armistead and George B. Armistead, Morgantown, for appellee.

PER CURIAM:

This is an appeal by the Farmers' and Merchants' Bank and Jeffrey D. and Mary W. Dawson from an order of the Circuit Court of Monongalia County dismissing their action against the Balboa Insurance Company. The bank and the Dawsons sued to recover on an insurance policy for the loss of a mobile home which the Dawsons owned and against which the bank had a lien. Although by its terms the policy issued by the insurance company had expired before the occurrence of the fire which destroyed the mobile home, the bank and the Dawsons alleged that the insurance company had failed to notify the bank of the pending expiration of the policy and had failed to provide the bank with an opportunity to renew it. Because of the insurance company's inaction, the bank and the Dawsons claimed that it should bear the loss. The circuit court disagreed and ruled in favor of the insurance company. On appeal the appellants assert that the trial court erred in failing to hold that the insurance company was required to give the lienholder bank notice of the expiration

of the policy. We disagree; we find that the insurance company had no legal duty to give the lienholder notice; and we affirm the judgment of the circuit court.

The facts of this case are undisputed and have been stipulated between the parties. On November 2, 1978, the Dawsons borrowed $8,422.20 from the Farmers' and Merchants' Bank to purchase a mobile home. As a condition of the loan the Dawsons were required to purchase a $7000.00 insurance policy on the mobile home, and they were further required to list the Farmers' and Merchants' Bank as lienholder on the policy. The Dawsons purchased the required policy from the Balboa Insurance Company and listed the bank as required. The policy ran from 12:01 a.m., November 1, 1978 until 12:01 a.m., November 1, 1979. The policy language as applicable to the questions in this case, according to the parties, provided:

"If a Lienholder is named in the Declarations of this policy, any loss under Parts I and II of the policy shall be payable to that Lienholder as its interests may appear at the time of loss.... The insurance shall not, as to the interest of the Lienholder, be invalidated by any act or neglect of the Named Insured nor by any change in the title or ownership of the mobile home to which it has not consented, provided that:

1. If the Named Insured shall neglect to pay any premium due under the policy, the Lienholder shall, on demand, pay the same; and

2. The Lienholder shall notify the Company of any change of ownership or increase of hazard which shall come to the knowledge of the Lienholder and shall, on demand, pay any additional premium attributable to the increased hazard."

Prior to the expiration of the policy the annual renewal notice was sent by the insurance company through its local agent to Jeffrey D. Dawson, at his last known address at 421 Morris Avenue, Westover, West Virginia. The notice indicated that if renewal was desired $167.00 would have to be forwarded to the agent prior to expiration of the policy. No notice was sent to the Farmers' and Merchants' Bank.

The renewal notice was not received by the Dawsons, and the required premium was not forwarded to the insurance company, and as a result the policy lapsed on November 1, 1979. Subsequently, on or about December 7, 1979, the mobile home was destroyed by fire.

After the destruction of the mobile home the Farmers' and Merchants' Bank sued the Balboa Insurance Company and the Dawsons. The Dawsons cross-claimed against the insurance company, their position being that if the insurance company had sent the bank notice, the bank would have renewed the policy and it would have been in effect at the time of the fire.

After the filing of several motions the trial court dismissed the claims against the insurance company.

The sole question presented on appeal is whether the Balboa Insurance Company had a legal duty to give the lienholder, Farmers' and Merchants' Bank, notice under the provisions of the policy.

Initially we note that the policy in question was a one-year policy which by its terms expired at 12:01 a.m. on November 1, 1979. A single premium of $163.00 was charged for the policy. Thus, in this case we are concerned with the non-renewal of an expiring policy rather than the cancellation of a policy.

■ The commonly accepted rule regarding the construction of an insurance policy is set forth in the syllabus of *Tynes v. Supreme Life Insurance Company of America,* 158 W.Va. 188, 209 S.E.2d 567 (1974):

"Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed."

*See, Prete v. Merchants Property Ins. Co. of Indiana,* 159 W.Va. 508, 223 S.E.2d 441 (1976); *Atkins v. Stonewall Casualty Co.,* 155 W.Va. 81, 181 S.E.2d 269 (1971); *Laraway v. Heart of America Life Ins. Co.,* 153 W.Va. 70, 167 S.E.2d 749 (1969); *Christo-*

*pher v. U.S. Life Ins. Co. in City of New York,* 145 W.Va. 707, 116 S.E.2d 864 (1960).

The parties agree that the policy before us has no language specifically requiring the insurance company to give the lienholder notice that the renewal premium has not been paid. They also fail to point to any statute which requires such notice.

 The appellants take the position that the duty of the insurer to give the lienholder notice should be inferred from the following language: "If the Named Insured shall neglect to pay any premium due under the policy, the Lienholder shall, on demand, pay the same; ..."

This language has nothing to do with a *duty* on the part of the insurance company to send a notice to the lienholder that a renewal premium is due. Its plain meaning is to afford the insurance company the right to demand that the lienholder pay a premium which the insured has neglected to pay. *See,* 55 Am.Jur.2d "Mortgages" § 272. In the case before us, we have a one-year policy for which the insured paid the total premium. In two cases, which appear to address the issue now before us, the courts have concluded that this type of language gives rise to no duty on the part of the insurance company to give notice to the lienholder of the insured's failure to renew the policy. *Waynesville Security Bank v. Stuyvesant Ins. Co.,* 499 S.W.2d 218 (Mo.Ct.App.1973); *J.W. Reece v. Massachusetts Fire & Marine Ins. Co.,* 107 Ga.App. 581, 130 S.E.2d 782 (1963); *See* Annot. 60 A.L.R.3d 164 (1974). In *Waynesville Security Bank v. Stuyvesant Ins. Co., supra,* the court stated:

"It is further argued by the plaintiff that the provision in the loss payable clause providing that plaintiff's interest shall not be invalidated by any act or neglect of the mortgagor, and the provision that should the mortgagor neglect to pay any premium due, the mortgagee shall, on demand, pay the premium, are ambiguous and create an inference that the mortgagee will be given notice of the expiration of the policy. This argument is strained and tenuous." *Waynesville*

*Security Bank v. Stuyvesant Ins. Co.,* 499 S.W.2d 218, 221 (1973).

In line with the reasoning of the Missouri and Georgia courts we conclude that the language in question placed no duty on the insurance company to give the lienholder bank notice that a renewal premium was due.

■ Inasmuch as the policy placed no obligation on the insurer to give the lienholder a notice to renew the policy, the trial court properly dismissed the appellants' action. The judgment of the Circuit Court of Monongalia County is, therefore, affirmed.

Affirmed.