[Civ. No. 28165. Fourth Dist., Div. One. Dec. 15, 1983.]

STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff and Respondent, v.
ROBERT CLENDENING et al., Defendants and Appellants.

COUNSEL

Rhoades, Hollywood & Neil, David G. Brown, Shernoff & Levine and Warren Paul Wade for Defendants and Appellants.

Portigal, Hammerton & Allen and Michael Portigal for Plaintiff and Respondent.

OPINION

McCONNELL, J.*—Robert and Juanita Clendening appeal a judgment finding State Farm Fire and Casualty Company owed no duty under the

*Assigned by the Chairperson of the Judicial Council.

terms of the homeowners insurance policy it had issued to Robert and Juanita to pay any sums to Juanita or to defend Robert in any lawsuit brought by Juanita against Robert. We affirm.

The facts are not in dispute. State Farm issued a homeowners policy to Juanita and Robert Clendening, who lived together as husband and wife; both were named as insureds. On February 19, 1978, while the policy was in effect, Robert caused severe personal injuries, including a broken neck, to Juanita who remains a quadriplegic. Juanita filed suit against Robert seeking compensation for injuries caused by his tortious acts. State Farm filed this action for declaratory relief.

The policy issued to the Clendenings reads, in part, as follows:

"SECTION II

"Coverages

"Coverage E—Personal Liability:

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence . . . .

"Coverage F—Medical Payments to Others:

"This Company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is:

"(1) on an insured premises with the permission of any Insured; . . ."

"EXCLUSIONS

"This Policy Does not Apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others: . . .

". . . . . . . . . . . . . . . . . . . .

"(g) To Bodily Injury To Any Insured Within The Meaning Of Parts (1) and (2) of Definitions of Insured. . . .

"When used in this policy the following definitions apply:

"(a) 'Insured' means (1) the named insured stated in the Declarations of this policy; and (2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; and . . . ."

■ The Clendenings contend the exclusionary clauses are not enforceable because they were not clear and conspicuous and were not called to their attention. This issue was previously addressed by this court in *State Farm Fire & Cas. Co.* v. *Alstadt* (1980) 113 Cal.App.3d 33 [169 Cal.Rptr. 593], in which the validity of an identical policy was upheld against the same attack. There the court stated at pages 38-39: "It should be noted the policy is nine pages long and, while it contains many provisions, definitions, conditions and exclusions, the printing is generally uniform and the subject matter properly identified with bold-face, large-sized print. . . . The exclusions provisions are conspicuous and plain in their positioning, labeling and capitalization. The exclusion in question is clear and without ambiguity in its language and reference to the appropriate definition." No argument has been made nor authority cited to change this conclusion.

■ Juanita argues that this court in *Alstadt, supra,* did not consider the issue of public policy. However, in *Alstadt,* at page 40, the court stated: "We can find no authority either in court decision or legislative enactment to suggest this exclusion . . . is against public policy and, indeed, we do not believe it is." Our position, and the law, remains unchanged. (See also *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383 [173 Cal.Rptr. 846, 628 P.2d 1].)

Appellants stress that the family exclusion clause is contrary to public policy since it may prevent a family member from collecting damages for injuries inflicted by another family member. The practice of excluding family members from coverage allegedly thwarts the express policy against immunity for intra-family torts. (*Gibson* v. *Gibson* (1971) 3 Cal.3d 914 [92 Cal.Rptr. 288, 479 P.2d 648].)

However, the implementation of the exclusionary clause does not deprive Juanita Clendening of her lawsuit since she may still sue her husband and recover from available assets. The insurance carrier need not insure risks arising from intrafamily torts unless it chooses to do so. Where, as here, the exclusionary clause is clear, plain and unambiguous and there is no statutory prohibition, there is no public policy reason to prohibit insurance contracts such as these. (*Farmers Ins. Exchange* v. *Cocking, supra,* 29 Cal.3d 383.)

Both Robert and Juanita contend a family exclusionary clause in an insurance policy is invalid unless the Legislature specifically authorized it. Insurance Code sections 2071 and 11580 specifically authorize family exclusion clauses in fire and automobile insurance policies. The absence of such a statute in the area of homeowners insurance is not authority for the claim made here. ■ "The right of a company to limit its contract of coverage may not be questioned [citation], provided the limitation is not prohibited by public policy or statute." (*Kincer* v. *Reserve Ins. Co.* (1970) 11 Cal.App.3d 714, 718 [90 Cal.Rptr. 94].)

The automobile liability insurance provisions, construed in *Farmers Ins. Exchange* v. *Teachers Ins. Co.* (1980) 101 Cal.App.3d 804 [161 Cal.Rptr. 738], were found to violate the *express public policy legislatively declared* in Insurance Code section 11580.05 et seq. This policy declaration applies only to automobile liability insurance policies. There is no similar legislative declaration covering homeowner insurers.

Judgment affirmed.

Cologne, Acting P. J., and Work, J., concurred.

The petition of appellant Juanita Clendening for a hearing by the Supreme Court was denied February 29, 1984.