445 S.E.2d 249

**James B. RICH, III, as Guardian of Ray A. Watson, III, Ward, a Minor, Plaintiff Below, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, and Rhea A. Watson, Defendants Below, Appellees.**

No. 22058.

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1994.

Decided May 31, 1994.

309

James McKowen, James B. Lees, Jr., Hunt, Lees, Farrell & Kessler, Charleston, for appellant.

E. Kay Fuller, Martin & Seibert, Martinsburg, for appellee Allstate Ins. Co.

MCHUGH, Justice:

This case is before this Court upon an appeal from the November 16, 1992, order of the Circuit Court of Berkeley County, West Virginia. In that order the circuit court granted summary judgment in favor of the appellee, Allstate Insurance Company (hereinafter "Allstate"). On appeal, the appellant, James B. Rich, III, as guardian of Ray A. Watson, III, ward, a minor, asks that this Court reverse the ruling of the circuit court.

I

Appellant Ray A. Watson, III, a minor (hereinafter "the minor child"), is the grandson of appellee Rhea A. Watson. Prior to August 31, 1990, Rhea Watson acquired legal custody of the minor child who resided with and was dependent upon Rhea Watson. Rhea Watson is insured with a homeowner's policy by Allstate.

On August 31, 1990, the minor child was injured when he fell off a riding lawn mower

he was riding with his grandfather, Rhea Watson, at the Watson residence in Berkeley County.

Allstate was timely notified of the accident and a claim was subsequently submitted to Allstate on behalf of the minor child. However, Allstate denied the claim based upon certain exclusionary language in the insurance contract.

Thereafter, a suit was filed on behalf of the minor child against Rhea Watson based upon negligence and against Allstate for a declaratory judgment. By order dated November 16, 1992, the circuit court found that the minor child was an insured person pursuant to the policy definition and concluded as a matter of law that the minor child is subject to the policy provisions and the exclusionary language of the policy. Based upon these conclusions, the circuit court granted summary judgment in favor of Allstate. It is from this order that the appellant appeals to this Court.

## II

The homeowner's policy exclusion provides: "We do not cover bodily injury to an insured person ... whenever any benefit of this coverage would accrue directly or indirectly to an insured person." An insured person is defined in the homeowner's policy as: "[the named insured] and, if a resident of your household: (a) any relative; and (b) any dependent person in your care."

The question of whether such exclusionary language is valid in a homeowner's insurance policy is one of first impression for this Court. The appellant contends on appeal that the exclusionary language in the homeowner's insurance policy, particularly language which would exclude a minor child who resides in the household and is a dependent person in the care of the named insured, is contrary to the public policy of West Virginia. The appellant urges us to focus upon the legislature's, as well as this Court's, continual desire to protect the interests of minor children.

The appellee contends that the language in the homeowner's insurance policy is clear. We agree. In syllabus point 2 of *Shamblin v. Nationwide Mutual Ins. Co.,* 175 W.Va. 337, 332 S.E.2d 639 (1985), we reiterated that:

' "Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed." ' Syl., *Farmers' & Merchants' Bank v. Balboa Insurance Co.,* 171 W.Va. 390, 299 S.E.2d 1 (1982), quoting syl., *Tynes v. Supreme Life Insurance Co.,* 158 W.Va. 188, 209 S.E.2d 567 (1974).

The minor child clearly falls within the policy definition of an "insured person." The minor child is a resident of Rhea Watson's household and a dependent person within Rhea Watson's care. The homeowner's policy unmistakably excludes any "insured person" from coverage for bodily injury.

Pursuant to *Shamblin,* once we have determined that the language is clear and unambiguous, we must determine whether any of the provisions of the policy are contrary to a statute or public policy. As the appellant notes, in automobile insurance, exclusionary language is void pursuant to *W.Va.Code,* 33–6–29 [1992].[1] Thus, the appellant argues that the voiding of exclusionary clauses in automobile insurance policies should apply with equal force and effect to homeowner's insurance policies.

The important distinction to recognize here is that the requirements for automobile insurance are dictated by statute. There is no legislative declaration regarding the requirements of homeowner's insurance coverage. Therefore, the parties must rely exclusively upon the policy language in order to determine whether there is coverage in this instance.

Moreover, this type of exclusionary language in homeowner's insurance policies has been held not to be violative of public policy

1. *W.Va.Code,* 33–6–29 [1992] provides, in relevant part:
　　(a) An insurer shall not issue any policy of bodily injury or property damage liability insurance which excludes coverage to the owner or operator of a motor vehicle on account of bodily injury or property damage to any guest or invitee who is a passenger in such motor vehicle.

in other jurisdictions. In *State Farm Fire & Casualty Co. v. Clendening,* 150 Cal.App.3d 40, 197 Cal.Rptr. 377 (1983), the court therein was faced with the same question before this Court: Whether the family exclusion clause in the homeowner's policy was void as against public policy. The policy provisions in that case were comparable to the provisions in the case now before us,[2] and the court held, "[w]here, as here, the exclusionary clause is clear, plain and unambiguous and there is no statutory prohibition, there is no public policy reason to prohibit insurance contracts such as these." *Id.* 197 Cal.Rptr. at 378 (citations omitted).[3] *Accord, State Farm Gen. Ins. Co. v. Emerson,* 102 Wash.2d 477, 687 P.2d 1139, 1143 (1984) ("Absent prior expression of public policy from either the Legislature or prior court decisions, our inquiry as to whether the family exclusion clause clearly offends the public good, must be answered in the negative.... We shall not invoke public policy to override an otherwise proper contract even though its terms may be harsh and its necessity doubtful."); *Groff v. State Farm Fire and Casualty Co.,* 646 F.Supp. 973, 974–75 (E.D.Pa.1986) ("[T]he policy unambiguously excludes coverage.... [I]n view of the clear language of the policy and the state of the decisional law of Pennsylvania, [the court] need not explore [the public] policy considerations.")

In *Cordle v. General Hugh Mercer Corp.,* 174 W.Va. 321, 325, 325 S.E.2d 111, 114 (1984), we have previously determined the following language particularly helpful as to what the public policy is in West Virginia:

'Much has been written by text writers and by the courts as to the meaning of the phrase "public policy." All are agreed that its meaning is as "variable" as it is "vague," and that there is no absolute rule by which courts may determine what contracts contravene the public policy of the

state. The rule of law, most generally stated, is that "public policy" is that principle of law which holds that "no person can lawfully do that which has a tendency to be injurious to the public or against public good * * *" even though "no actual injury" may have resulted therefrom in a particular case "to the public." It is a question of law which the court must decide in light of the particular circumstances of each case.

The sources determinative of public policy are, among others, our federal and state constitutions, our public statutes, our judicial decisions, the applicable principles of the common law, the acknowledged prevailing concepts of the federal and state governments relating to and affecting the safety, health, morals and general welfare of the people for whom government—with us—is factually established.'

*(quoting Allen v. Commercial Casualty Ins. Co.,* 131 N.J.L. 475, 37 A.2d 37, 38–39 (1944)). The appellant has failed to establish that the exclusionary language within the homeowner's insurance policy tended to be "injurious to the public or against public good."

We, therefore, are of the opinion that such exclusionary language, in the absence of any sort of legislative mandate, is valid and not contrary to the state's public policy. In the absence of such legislative mandate, the parties are free to accept or reject the insurance contract and the risks provided for therein.

■ The circuit court was correct in finding that there was no genuine issue of fact to be tried and no further inquiry was necessary in order to clarify the law. Syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.,* 148 W.Va. 160, 133 S.E.2d 770 (1963) states: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of

---

**2.** The relevant policy provisions in *State Farm Fire & Casualty Co. v. Clendening,* 150 Cal. App.3d 40, 197 Cal.Rptr. 377, 378 (1983) were as follows. An insured person was defined as: "(1) the named insured stated in the ... policy; and (2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured...." The policy did not apply: "(g) To Bodily Injury To Any Insured Within The Meaning of Parts (1) and (2) of Definitions of Insured...."

**3.** The court in *Clendening, supra,* also dealt with the issue that family exclusionary language in automobile insurance policies was violative of public policy in California. The court concluded that while there was a statutory declaration relating to automobile insurance coverage, there was no similar declaration covering homeowner's insurers.

fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

Accordingly, when a homeowner's insurance policy excludes coverage to an "insured person" and defines an "insured person" as a resident of the named insured's household and a dependent person in the named insured's care, a minor child who sustains bodily injury as a result of the negligence of the named insured on the named insured's premises, such minor child also being a resident of the named insured's household and who is a dependent person in the named insured's care, is not covered under the homeowner's insurance policy. Such exclusionary language within the homeowner's insurance policy is not violative of the public policy of this state.[4]

For the reasons stated herein, the judgment of the Circuit Court of Berkeley County is affirmed.

Affirmed.

---

4. The appellant also argues on appeal that the use of exclusionary language violates the Doctrine of Unconscionability. However, in light of our resolution of the first issue, it is not necessary for us to address this remaining assignment of error.