692 S.E.2d 658

**PUTNAM BANCSHARES, INC.,** a West Virginia Corporation d/b/a Putnam County Bank and T.C.'s Used Cars, LLC, a West Virginia limited liability company, Appellees,

v.

**PROGRESSIVE CLASSIC INSURANCE COMPANY, Appellant.**

No. 34769.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 2010.

Decided April 5, 2010.

R. Carter Elkins, Esq., Laura L. Gray, Esq., Campbell Woods, PLLC, Huntington, WV, for Appellant.

Christopher S. Smith, Esq., Hoyer, Hoyer & Smith PLLC, Charleston, WV, for Appellee, T.C.'s Used Cars, LLC.

Jill C. Bentz, John M. Canfield, Dinsmore & Shohl, LLP, Charleston, WV, for Amicus Curiae West Virginia Insurance Federation.

KETCHUM, J.:

Progressive Classic Insurance Company (hereafter "Progressive") appeals an order of the Circuit Court of Putnam County granting summary judgment in favor of the Appellee T.C.'s Used Cars for $14,390.43, together with interest and costs. The circuit court found that Progressive had issued a renewal automobile insurance policy and thereafter improperly cancelled that policy without giving notice to the insured and to the loss payee of Progressive's intent to cancel the insured's policy for non-payment of a renewal premium. Having fully considered the record, briefs and arguments of the parties, we reverse the circuit court and remand this matter to the circuit court for entry of summary judgment in favor of Progressive.

## I. Factual Background

The facts underlying this appeal are undisputed. In August 2006, Terry Daniel, Jr., (hereafter Mr. Daniel) purchased a 2004 Chevrolet Silverado from T.C.'s Used Cars, and financed that purchase with a loan from the Putnam County Bank. A requirement of the loan was that Mr. Daniel obtain, and maintain, an insurance policy sufficient to cover any physical damage to the vehicle and that the insurance policy list Putnam County Bank as the loss payee. A further requirement of the loan was that T.C.'s Used Cars execute a commercial guaranty, in favor of Putnam County Bank, guaranteeing repayment of Mr. Daniel's loan.

On August 23, 2006, Progressive issued an automobile liability and physical damage insurance policy to Mr. Daniel, with Putnam County Bank listed as the loss payee for damage to the Silverado.[1] The policy provided that it was effective for the six-month period of August 23, 2006, through February 23, 2007.

On January 29, 2007, Progressive offered to renew Mr. Daniel's policy by mailing to Mr. Daniel a renewal invoice. Included with the renewal invoice was a Declarations Page for the renewal policy period being offered by Progressive and Proof of Insurance Cards for the renewal period. The Declaration Page for the offered renewal policy expressly noted that it was effective *only* if Mr. Daniel paid the renewal premium. The renewal invoice also expressly noted that renewal premium was due by February 23, 2007.

On February 9, 2007, Progressive mailed to Mr. Daniel a "Renewal Reminder." This reminder informed Mr. Daniel that his policy would expire on February 23, 2007, and said that Mr. Daniel's renewal premium must be received no later than February 25, 2007, in order to avoid a lapse in coverage. Mr.

---

1. The policy also covered another vehicle owned by Mr. Daniel.

Daniel did not pay the renewal premium, or any portion of that premium, by the due date.

On February 27, 2007, four days after the policy expired, Mr. Daniel was in an accident while driving the Silverado, resulting in the vehicle being declared a total loss. The following day, on February 28, 2007, Mr. Daniel paid the minimum of the premium amount required to renew his policy with Progressive. A receipt for this payment was provided to Mr. Daniel. However, the receipt expressly informed Mr. Daniel that his "policy [would] renew with a lapse in coverage. The renewal effective date will be one day after payment is made."

Later, Putnam County Bank, as the loss payee, made a claim with Progressive to recover for the loss of the Silverado. Progressive denied the claim, noting that the policy had expired prior to the accident. Thereafter, T.C.'s Used Cars paid the loan balance and Putnam County Bank assigned the loan note and its rights to T.C.'s Used Cars.

Putnam County Bank and T.C.'s Used Cars filed suit against Progressive, claiming that Progressive was obligated to pay the claim under the renewal policy issued to Mr. Daniel, and claiming that Progressive had failed to give notice to Mr. Daniel and the loss payee of Progressive's intent to cancel Mr. Daniel's policy for non-payment of the renewal premium. Both parties later filed Summary Judgment motions.

The circuit court subsequently granted summary judgment in favor of T.C.'s Used Car's and concluded that Progressive cancelled the renewal policy in violation of the notice provisions required by *W.Va.Code*, 33–6A–1(e)(7) [2004]. The circuit court also found that Progressive failed to give proper notice to the loss payee, as required by *W.Va.Code*, 33–6A–1a [1992], of Progressive's intent to cancel the renewal policy for non-payment of the renewal premium.[2]

Progressive now appeals the circuit court's order granting summary judgment to T.C.'s Used Cars and denying Progressive's motion for summary judgment on the issue of its liability to provide coverage for Mr. Daniel's accident.

## II. Standard of Review

■ We have previously held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III. Discussion

Progressive submits that the circuit court erroneously applied our decision in *Dairyland Insurance Company v. Conley*, 218 W.Va. 252, 624 S.E.2d 599 (2005), by ruling that Progressive had, in effect, issued a new policy to Mr. Daniel and that Mr. Daniel's accident was covered under that policy. We agree with Progressive.

In *Dairyland* we addressed the issue of whether an insurance company was required to give notice of cancellation of a *new* automobile insurance policy it issued where the check paying the initial premium later bounced and was returned for insufficient funds. Unlike the facts in *Dairyland,* we are not presented with a situation where an insurer, in exchange for *payment made,* issued a new insurance policy. Instead, we are presented with issues as to what notice, if any, is required where an existing automobile liability or physical damage insurance policy expires on its own terms after an insured did not accept an offer to renew the policy and did not pay the required renewal premium.

The record shows that Progressive issued to Mr. Daniel an automobile liability and physical damage insurance policy and that the express term of that policy was for a six-month period. This policy expired and terminated on its own terms on February 23, 2007. Prior to the expiration, Progressive offered to renew Mr. Daniel's policy and

---

2. The circuit court denied in part, and granted in part, Progressive's summary judgment motion. As described above, the circuit court denied Progressive's summary judgment motion on the issue of whether coverage existed on the date of Mr. Daniel's accident. However, the circuit court granted Progressive's motion on Progressive's argument that Putnam County Bank did not have standing to bring suit against Progressive because the Bank's loss had been paid. The issue of the Putnam County Bank's standing was not appealed.

expressly cautioned Mr. Daniel that his policy was expiring on February 23, 2007. Mr. Daniel did not accept the offer by paying the required renewal premium by the due date. Instead, it was not until *after* the policy had expired and until *after* his accident (which resulted in a total loss of the insured vehicle) that Mr. Daniel paid the minimum amount of the renewal premium required to renew his coverage.

The circuit court reasoned that because Progressive had offered to renew Mr. Daniel's coverage, and provided to him the policy documentation relevant to the renewal policy, that Progressive had actually issued a new policy and was therefore required to send a notice of cancellation for non-payment of the renewal premium. We see four issues arising from the circuit court's findings.

The first issue is whether *W.Va.Code*, 33–6A–1 [2004] [3] or *W.Va.Code*, 33–6A–4 [2004] [4], requires that an insurer send a notice of cancellation of an automobile liability or physical damage insurance policy where the original policy has expired on its own terms. Our review of these statutes gives no suggestion that the legislature intended to require an insurance company to "cancel" an expired policy. In such instances, there is nothing to cancel—the policy has expired.

The second issue is whether *W.Va.Code*, 33–6A–1 [2004], or *W.Va.Code*, 33–6A–4 [2004], requires an insurance company to send a notice of cancellation when an insured fails to accept an offer to renew an expiring policy by paying the required renewal premium by the due date. There is no suggestion in either of these *Code* provisions, or any other provision of *W.Va.Code*, 33–6A–1 to –5, that the Legislature intended to require an insurance company, *having offered* to renew an expiring policy, to subsequently send a notice of cancellation where the insured does not timely purchase the renewal policy.

■ Accordingly, we hold that where an insurance company has extended an offer to renew an automobile liability or physical

---

**3.** *W.Va.Code*, 33–6A–1 [2004], which was revised by the Legislature in 2009, stated in pertinent part that:

No insurer once having issued or delivered a policy providing automobile liability insurance for a private passenger automobile may, after the policy has been in effect for sixty days, or in case of renewal effective immediately, issue or cause to issue a notice of cancellation during the term of the policy except for one or more of the reasons specified in this section: (a) The named insured fails to make payments of premium for the policy or any installment of the premium when due; (b) The policy is obtained through material misrepresentation; . . .

Notwithstanding any of the provisions of this section to the contrary, no insurer may cancel a policy of automobile liability insurance without first giving the insured thirty days' notice of its intention to cancel: Provided, That cancellation of the insurance policy by the insurer for failure of consideration to be paid by the insured upon initial issuance of the insurance policy is effective upon the expiration of ten days' notice of cancellation to the insured.

**4.** *W.Va.Code*, 33–6A–4 [2004], states in pertinent part that:

(a) No insurer shall fail to renew an outstanding automobile liability or physical damage insurance policy unless the nonrenewal is preceded by at least forty-five days advance notice to the named insured of the insurer's election

not to renew the policy: Provided, That subject to this section, nothing contained in this article shall be construed to prevent an insurer from refusing to issue an automobile liability or physical damage insurance policy upon application to the insurer, nor shall any provision of this article be construed to prevent an insurer from refusing to renew a policy upon expiration, except as to the notice requirements of this section, and except further as to those applicants lawfully submitted pursuant to the West Virginia assigned risk plan. . . .

(e) Notwithstanding the provisions of subsection (a) of this section, the insurer shall reinstate any automobile liability or physical damage insurance policy that has not been renewed due to the insured's failure to pay the renewal premium when due if: (1) None of the other grounds for nonrenewal as set forth in [sic] of this section exist; and (2) The insured makes an application for reinstatement within forty-five days of the original expiration date of the policy. If a policy is reinstated as provided for in this paragraph, then the coverage afforded shall not be retroactive to the original expiration date of the policy: Provided, That such policy shall be effective on the reinstatement date at the current premium levels offered by the company and shall not be afforded the protections of this section relating to renewal of an outstanding automobile liability or physical damage insurance policy that has been in existence for at least two consecutive years.

damage insurance policy, and the insured does not accept that offer and does not pay the premium due for renewal, thus allowing the underlying policy to expire, neither *W.Va.Code*, 33–6A–1 [2004], nor *W.Va.Code*, 33–6A–4 [2004], impose a duty upon the insurance company to provide a notice to the insured that the policy has expired.

■ The third issue is whether our law required Progressive to notify the loss payee, Putnam County Bank, that Mr. Daniel did not renew his policy and that Mr. Daniel's insurance coverage with Progressive had expired. *W.Va.Code*, 33–6A–1a(b) [1992] requires that an insurer notify a loss payee regarding coverage only when the insurer notifies an insured that it is cancelling a policy or is refusing to renew a policy. This statute states, in pertinent part, that:

> In every instance in which an insurer notifies an insured of its intent to cancel or not renew an automobile liability insurance contract or policy, the insurer shall also provide notice to the loss payee of such cancellation and nonrenewal in accordance with the same notice requirements established for the insured pursuant to sections one [§ 33–6A–1] and four [§ 33–6–4] of this article.

*W.Va.Code*, 33–6A–1a(b) [1992].

It is clear that neither of those circumstances were at issue in this case. Progressive neither cancelled the policy, nor did Progressive refuse to renew the policy. Accordingly, we hold that where an insurance company has extended an offer to renew an automobile liability or physical damage insurance policy, and the insured does not accept that offer and does not pay the premium due for renewal, thus allowing the underlying policy to expire, *W.Va.Code*, 33–6A–1a [1992], does not impose a duty upon the insurance company to provide notice to a loss payee that the insured did not renew the policy or that the insurance policy expired.[5]

■ The final issue we address is whether Mr. Daniel's payment of the renewal premium—one day after the accident—obligated Progressive to provide coverage for the accident. *W.Va.Code*, 33–6A–4(e)(2) [2004](emphasis added), provides that an insurer shall reinstate any automobile or physical damage insurance policy that has not been renewed due to the insured's failure to pay the renewal premium due if:

> The insured makes an application for reinstatement within forty-five days of the original expiration date of the policy. If a policy is reinstated as provided for in this paragraph, *then the coverage afforded shall not be retroactive to the original expiration date of the policy:* Provided, That such policy shall be effective on the reinstatement date at the current premium levels offered by the company and shall not be afforded the protections of this section relating to renewal of an outstanding automobile liability or physical damage insurance policy that has been in existence for at least two consecutive years.

The record clearly shows that the initial policy issued to Mr. Daniel expired on its own terms and it was not until several days after the policy expired that Mr. Daniel purchased the renewal policy by paying the required premium. While Mr. Daniel was entitled to the reinstatement of the expired policy because he applied for reinstatement within 45–days of the expiration of his policy, a lapse nonetheless occurred. This lapse, and the lack of coverage for the lapse period, is expressly provided for by *W.Va.Code*, 33–6A–4(e)(2) [2004].

Accordingly, we hold that pursuant to *W.Va.Code*, 33–6A–4(e)(1) and (2) [2004], an insured has the right to reinstate an automobile liability or physical damage policy of insurance that was not renewed as a result of the insured's failure to pay the renewal premium when due. However, to reinstate the policy an application for reinstatement, and payment of the premium due, must be made

---

5. Our holding should not be construed to imply that there is any prohibition in our statutes that would prevent a loss payee from separately contracting with an insurer to provide such notice, *Farmers' and Merchants' Bank v. Balboa Insurance Company*, 171 W.Va. 390, 299 S.E.2d 1 (1982), or to prevent the loss payee from taking the initiative in determining if its borrower was maintaining coverage by contacting the insurer for verification of coverage or renewal of coverage.

within forty-five days of the expiration date of the expired policy. If the policy is reinstated, then there is a lapse in coverage between the date of the expiration of the policy and the reinstatement date. A reinstated policy begins a new coverage period for purposes of the protections set forth in *W.Va.Code*, 33–6A–4(b) [2004].

## IV. Conclusion

Progressive and Mr. Daniel entered into a contract for a six-month automobile insurance policy. We find that this policy expired on its own terms on February 23, 2007. While Progressive *offered* to renew Mr. Daniel's policy, Mr. Daniel did not accept the renewal offer by paying, on or before the due date, the renewal premium and the policy expired. Mr. Daniel's accident, and the re-

sulting total loss of his vehicle, occurred during a period that coverage did not exist under the renewal policy of insurance issued by Progressive.

Accordingly, the judgment of the Circuit Court of Putnam County is reversed and this matter is remanded for entry of summary judgment in favor of Progressive.[6]

Reversed and Remanded.

---

**6.** Our holding today is expressly limited to automobile liability and physical damage insurance policies.