# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Nelson Rector,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0867** (Harrison County15-C-491-2)

**Kimberly Kay Rector and**
**State Farm Fire and Casualty Company,**
**Defendants Below, Respondents**

**FILED**

**May 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Nelson Rector, by counsel Gregory H. Schillace, appeals the August 18, 2016, order of the Circuit Court of Harrison County that granted Respondent State Farm Fire and Casualty Company's ("State Farm's") motion for summary judgment on Count II of petitioner's complaint against State Farm and his wife, Respondent Kimberly Kay Rector.[1] In Count II of the complaint, petitioner sought a declaratory judgment that he was entitled to coverage from State Farm under his homeowner's and professional liability umbrella insurance policies for medical expenses and other damages he incurred when his wife negligently shot him. State Farm, by counsel Susan R. Snowden, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

State Farm provided a homeowner's insurance policy for petitioner and his wife's marital home at all times relevant to this action.[2] State Farm also provided petitioner with a professional

---

[1] Respondent Kimberly Kay Rector does not appear herein.

[2] Petitioner's homeowner's policy provides, in relevant part, as follows:

> COVERAGE L- PERSONAL LIABILITY
> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
> 1. pay up to our limit of liability for the damages for which the insured is legally liable, and

(continued . . . )

1

liability umbrella policy.[3] Petitioner claims he moved out of the marital home on July 17, 2015,

---

2. provide an expense at our expense by counsel of our choice[.]

COVERAGE M- MEDICAL PAYMENTS TO OTHERS
We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. The coverage applies only:
1. to a person on the insured location with the permission of an insured;
2. to a person off the insured location, if the bodily injury:
a. arises out of a condition on the insured location or the ways immediately adjoining;
b. is caused by the activities of an insured[.]

SECTION II- EXCLUSIONS
1. Coverage L and Coverage M [above] do not apply to . . .
h. bodily injury to you or any insured within the [Definitions].

 SECTION II- CONDITIONS
. . . .
2. Severability of Insurance. This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence.

DEFINITIONS: "You" and "your" means the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.
. . . .
4. "insured" means you and, if residents of your household:
a. your relatives; and
b. any other person under the age of 21 who is in the care of a person described above.
. . . .
10. "residence premises" means:
a. the one, two, three or four-family dwelling, other structures and grounds; or
b. that part of any other building; where you reside and which is shown in the Declarations.

[3] Petitioner's professional liability umbrella policy provides, in relevant part, as follows:

COVERAGES COVERAGE L- PERSONAL LIABILITY
(continued . . . )

2

while his wife continued to reside in the marital home as its sole occupant. Eighteen days later, on August 4, 2015, petitioner's wife shot petitioner in the abdomen as he exited a tavern. Petitioner filed this civil action on December 14, 2015, seeking damages from his wife for her negligence with regard to the shooting (Count I), and, as noted above, seeking a declaratory judgment of coverage from State Farm for his medical expenses and other damages proximately caused by the shooting (Count II).

On March 24, 2016, petitioner served his first set of discovery requests upon State Farm. Four days later, State Farm filed its motion for summary judgment regarding Count II of

---

If a claim is made or suit is brought against an insured for damages because of a loss for which the insured is legally liable and to which this policy applies, we will pay on behalf of the insured, the damages that exceed the retained limit. The most we will pay for such loss is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of insureds who may be liable, claims made, or persons injured.

Defense: If a suit is brought against any insured for damages because of a loss to which this policy applies, we will provide a defense to the insured at our expense by counsel of our choice when the basis for the suit is a loss that is not covered by any other insurance policy but it covered by this policy. We have no duty to defend any claim or suit after we tender, deposit in court, or pay the amount due under this policy.

EXCLUSIONS
There is no coverage under this policy for any:
. . . .
13. bodily injury or personal injury to any insured as defined in part a or b of the definition of insured, including any claim made or suit brought against any insured to share damages with or repay someone else who may be obligated to pay damages because of such bodily injury or personal injury[.]

DEFINITIONS: We define the words and phrases listed below. Defined words and phrases are printed in bold text, and apply throughout the policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases.
. . . .
6.      "insured" means:
a.      you and your relatives whose primary residence is your household;
. . . .
15. "you" and "your" mean the person or persons shown as "Named Insured" on the declarations page. If a named insured shown on the declarations page is a human being then you and your includes the spouse of the first person listed as a named insured if the spouse resides primarily with the named insured.

3

petitioner's complaint. State Farm argued that petitioner was not entitled to coverage because both his homeowner's and professional liability umbrella polices excluded coverage for "bodily injury or personal injury to any insured."

In petitioner's response to that motion, he argued that State Farm had not yet responded to his discovery requests regarding its past application of the "bodily injury or personal injury to any insured" exclusion. Petitioner also set forth the need for further discovery in his response. Specifically, petitioner sought to depose his wife who was expected to assert that she was the named insured on the homeowner's policy because she was the sole occupant of the marital home on the date of the shooting. By way of explanation, petitioner argued that he was required to be a resident of the marital home to be an "insured" under the definitions of "you," "your," "insured location" and "residence premises" found in his homeowner's policy. Thus, petitioner claimed that because he no longer resided in the home on the date of the shooting, the "bodily injury or personal injury to any insured" exclusion did not preclude him from recovering his damages from State Farm. Accompanying petitioner's response was an affidavit, filed pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure, in which petitioner stated his reasons for seeking further discovery.

On April 21, 2016, State Farm served petitioner with its response to his first set of discovery requests.

On August 18, 2016, the circuit court granted State Farm's motion for summary judgment on Count II. The circuit court noted that petitioner's homeowner's and professional liability umbrella policies provided liability coverage for any claim "brought against an insured" and that the homeowner's policy provided medical payments coverage. However, the circuit court concluded that State Farm properly denied coverage because both policies contained a clear and unambiguous exclusion of coverage for "bodily injury or personal injury to any insured," and petitioner is the named insured under both policies.

Petitioner now appeals the August 18, 2016, order granting summary judgment to State Farm on Count II of his complaint.

"Appellate review of a partial summary judgment order is the same as that of a summary judgment order, which is *de novo*." Syl. Pt. 1, *West Virginia Dep't of Transp., Div. of Highways v. Robertson*, 217 W.Va. 497, 618 S.E.2d 506 (2005). Likewise, "[a] circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 495 (1995).

Petitioner raises four assignments of error on appeal. Petitioner first argues that the circuit court erred in granting summary judgment to State Farm without providing petitioner additional time to engage in discovery. Petitioner highlights that he sought additional discovery in his response to State Farm's motion for summary judgment and that a Rule 56(f) affidavit accompanied that motion.

Rule 56(f) provides as follows:

4

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

At a minimum, a Rule 56(f) motion must satisfy the following four requirements

> [The party] should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Syl. Pt. 1, in part, *Powderidge Unit Owners Ass'n v. Highland Prop., Ltd.*, 196 W.Va. 692, 695, 474 S.E.2d 872, 875 (1996).

There are only two statements in petitioner's Rule 56(f) affidavit that tend to support his request for additional discovery. In the first of these statements, petitioner baldly alleges that additional discovery is "necessary to afford [him] a fair and reasonable opportunity to respond to the motion for summary judgment." In the second statement, petitioner asserts only that "the deposition of [his wife] will be scheduled regarding issues related to insurance coverage." Petitioner failed to identify, in any fashion, the basis for his belief that additional discovery would yield genuinely disputed issues of material fact, or to articulate how further discovery, such as deposing his wife, would create a dispute of material fact. As a result, petitioner failed to satisfy both prongs one and three of *Powderidge.*

In *Powderidge*, we described Rule 56(f) as "a procedural 'escape hatch' . . . provided for a party who genuinely requires additional time to marshal material facts to contest a summary judgment motion." 196 W.Va. at 701, 474 S.E.2d at 881. Also in *Powderidge*, we cited to *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 62, 459 S.E.2d 329, 338-39 (1995) for the proposition that

> noncompliance with Rule 56(f) is itself justification for rejecting a claim that the opportunity for discovery was inadequate. We, like the Fourth Circuit, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simpl[y] assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in the affidavit." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995).

*Powderidge*, 196 W.Va. at 701–02, 474 S.E.2d at 881–82. Accordingly, because petitioner's Rule 56(f) affidavit failed to justify the need for additional discovery, we find that the circuit court did not err in granting summary judgment to State Farm absent such discovery.

Petitioner next argues that the circuit court, in the order on appeal, wrongfully viewed the facts relevant to insurance coverage in the light most favorable to State Farm. However, in his brief before the Court, petitioner fails to identify any factual finding in the order for which the circuit court viewed the facts in the light most favorable to State Farm. Moreover, the circuit court expressly acknowledged in the order that it was required to "draw any permissible inference from the underlying facts in the light most favorable to the party opposing the [summary judgment] motion." *Painter*, 192 W.Va. at 192, 451 S.E.2d at 758. Having thoroughly reviewed the order, we find no indication that the circuit viewed any fact in the light most favorable to State Farm. Accordingly, we find no error.

Petitioner's third assignment of error centers on the severability clause found in the homeowner's policy, which provides that "[t]his insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence." We recently stated that "[t]he purpose of severability clauses is to spread protection, to the limits of coverage, among all of the insureds. The purpose is not to negate unambiguous exclusions." *Am. Nat'l Prop. & Cas. Co. v. Clendenen*, 238 W.Va. 249, 793 S.E.2d 899, 918 (2016). Petitioner nevertheless argues that the circuit court erred in failing to find that the severability clause operates to place petitioner's wife in the position of named insured and to eliminate petitioner's status as an "insured."

In his brief before this Court, petitioner never explains how the language in the severability clause provides a mechanism by which a named insured loses that status or another insured gains that status. Nor does petitioner cite to any other clause in his homeowner's policy that provides a mechanism for such a reformation of the homeowner's policy. As the circuit court correctly noted in the order on appeal, petitioner's "speculation does not override the application of the clearly unambiguous, exclusionary language contained in the subject insurance policies. . . ." Therefore, given that petitioner wholly fails to support his bald claim that the severability clause defeats the "bodily injury or personal injury to any insured" exclusion, we cannot say that the circuit court erred in finding that the severability clause did not defeat that exclusion.

Finally, in petitioner's fourth assignment of error, he asks the Court to "reconsider" two cases: *Clendenen* and *Sayre ex rel. Estate of Culp v. State Farm Fire and Casualty Company*, No. 11-0962, 2012 WL 3079148 (W.Va. May 25, 2012) (memorandum decision). With regard to *Clendenen*, petitioner maintains that the "criminal acts exclusion" discussed therein precludes liability insurance coverage from compensating an injured party where a criminal statute has been violated. Petitioner argues that this nullification of insurance coverage violates the public policy favoring recovery for those injured by the negligence of another.

Petitioner fails to raise any articulable basis for reconsideration of *Clendenen*, which addresses an insurance policy's "intentional or criminal acts exclusion." In the instant case, State Farm did not raise an intentional or criminal acts exclusion in its motion for summary judgment, and the circuit court did not address such an exclusion in the order on appeal. Further, while it is true that West Virginia public policy favors compensating persons negligently injured by others,

that public policy does not create insurance coverage where none exists. Accordingly, we decline petitioner's invitation to reconsider *Clendenen*.

Petitioner next alleges that the *Sayre* Court failed to address *Coffindaffer v. Coffindaffer*, 161 W.Va. 557, 244 S.E.2d 338 (1978), which abrogated the defense of inter-spousal immunity. In *Sayre*, we found that a severability clause providing "[t]his insurance applies separately to each insured" did not render inoperable a bodily injury to an insured exclusion, which mirrors the exclusion in the instant case. In *Coffindaffer*, the Court opined that, "the door is now open to permit husbands or wives, who in a moment of inadvertence or negligence by their spouse have been substantially injured, to recover from applicable insurance a fair and reasonable amount for the hospital and other medical expenses and for pain and suffering." *Id.* at 567, 244 S.E.2d at 343. Petitioner argues that the bodily injury to an insured exclusion at issue in *Sayre* and the "bodily injury or personal injury to any insured" exclusion in the instant case are in direct conflict with the public policy expressed in *Coffindaffer*. Petitioner is mistaken. This Court has found that the bodily injury to an insured exclusion does not violate public policy because it is not "injurious to the public or against public good." *See Rich v. Allstate Ins. Co.*, 191 W.Va. 308, 311, 445 S.E.2d 249, 252 (1994). Hence, we likewise decline petitioner's request to revisit our decision in *Sayre*.

Accordingly, for the foregoing reasons, we affirm the circuit court's August 18, 2016, order granting State Farm's motion for summary judgment on Count II of petitioner's complaint.

Affirmed.

**ISSUED:** May 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7